### HAVILAND v. EDWARDS.

Circuit Court of Appeals, Second Circuit.
July 19, 1927.

No. 351.

Internal revenue ☞7(19)—Depreciation in value of loan repayable in German marks held not to affect firm income for taxation purposes until closed out (Revenue Act 1919, § 203 [Comp. St. § 6336⅛c]; Regulations of Commissioner, regulation 45, arts. 1581, 1585).

Where a business firm made a loan to be repaid in German marks, and carried the loan on its books as an "account receivable or current asset," *held* that, in absence of showing that firm was a dealer in securities or of nature of loan, firm income or profits could not be determined for taxation purposes, under Revenue Act 1919, § 203 (Comp. St. § 6336⅛c),

and Regulations of Commissioner, regulation 45, arts. 1581, 1585, by converting value of debt in marks to its value in dollars at the end of the taxable year, which in effect would amount to deducting depreciation in value of debt due to depreciation in marks as a loss; any variations in value of debt not affecting firm's income till debt is closed out.

In Error to the District Court of the United States for the Southern District of New York.

Action by George Haviland against William H. Edwards. Judgment for defendant (15 F.[2d] 445), and plaintiff brings error. Affirmed.

Writ of error to a judgment of the District Court for the Southern District of New York, dismissing a complaint in an action at law for insufficiency on its face.

The complaint alleged that the plaintiff was a member of a New York firm, doing a business not described. Before January 1, 1918, this firm had lent to one Johann Haviland 1,110,000 German marks, equal in value to more than $260,000, but payable in marks. During the year 1919 it lent Haviland a further sum of 400,000 marks, equal to over $16,000. In filing amended income tax returns for the year 1919, the firm, and the plaintiff, in stating the firm income, credited themselves with the depreciation in value of these marks up to December 31, 1919. This was disallowed, and the tax assessed in disregard of any depreciation. The complaint alleged nothing about the nature of the loan, or its relation to the business, except that it was entered on the firm books as an "account receivable, or current asset." A similar claim arose for the year 1920. Being forced to pay the full amount of each tax on his share of the firm's income, the plaintiff sued the collector for the difference.

Coudert Brothers, of New York City (Lorenzo Semple and Frederic R. Coudert, Jr., both of New York City, of counsel), for plaintiff in error.

Charles H. Tuttle, U. S. Atty., of New York City (Nathan R. Margold, Asst. U. S. Atty., of New York City, of counsel), for defendant in error.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

L. HAND, Circuit Judge. That the depreciation in the value of Johann Haviland's debt to the firm was, standing alone, a loss which could be credited as such, the plaintiff does not claim. In any event it would be an un-

tenable position. N. Y. Ins. Co. v. Edwards, 271 U. S. 109, 116, 46 S. Ct. 436, 70 L. Ed. 859; Eisner v. Macomber, 252 U. S. 189, 40 S. Ct. 189, 64 L. Ed. 521, 9 A. L. R. 1570. The theory of the complaint was that in estimating the firm income it was proper, and indeed necessary, in order to ascertain what the profits had been, to appraise the current assets, and that this could only be done by converting the value of the debt in marks into its value in dollars at the end of the taxable year. This really is the same proposition in another form, unless there be some distinction between this debt and an ordinary investment or loan.

The argument therefore proceeds upon section 203 of the act of 1919 (Comp. St. § 6336⅛c), which provides that the Commissioner may require inventories to be used whenever in his opinion they are necessary. These are to be taken "upon such basis as the Commissioner * * * may prescribe as conforming as nearly as may be to the best accounting practice." The Commissioner, by article 1581 of Regulation 45, provided for inventories "in every case in which the production, purchase or sale of merchandise is an income-producing factor." By article 1585 he also ruled that "a dealer in securities who in his books of account regularly inventories unsold securities on hand * * * may make his return upon the basis upon which his accounts are kept. * * * Taxpayers who buy and sell or hold securities for investment or speculation * * * are not dealers in securities." Plainly, not only does any right whatever to use inventories rest in the hands of the Commissioner, but the instances in which they may be used. He has decided to allow them, as regards merchandise, when its production or traffic in it produces income, and by dealers in securities with an established business as such. That is all.

Since the complaint does not state what the firm's business was, we have no right to assume that it was a dealer in securities. Again, if it produced or trafficked in merchandise, certainly the loan to Johann Haviland was not merchandise, which alone is to be included in the inventory. This is apparent from the balance of article 1581, which provides only for raw materials and supplies, and finished or partly finished goods, and which makes the passage of title the test. The complaint is therefore wholly destitute of any allegations which would bring this case within the statute or the regulations. The loan, so far as appears, remained a mere chose in action on the firm's books, for aught we can tell, an accommodation to a relative, or an isolated transaction in the business. Variations in its value did not affect the firm income till it was closed out.

Judgment affirmed.