## COALINGA–MOHAWK OIL CO. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 6957.

Circuit Court of Appeals, Ninth Circuit.
April 3, 1933.

Joseph C. Meyerstein, of San Francisco, Cal., for petitioner.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key and Hayner N. Larson, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, and Henry A. Cox, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before WILBUR, SAWTELLE, and MACK, Circuit Judges.

SAWTELLE, Circuit Judge.

This petition involves an asserted deficiency of $10,673 in petitioner's income tax return for the year 1921. The deficiency arose by reason of a deduction of $78,000 from petitioner's income, which amount was claimed to be deductible as a loss sustained in that year, under the provisions of section 234(a)(4) of the Revenue Act of 1921 (42 Stat. 227, 254).

The facts are not in dispute, and are substantially as follows: The petitioner is a California corporation, with its principal office in San Francisco. During the years from 1918 to 1922, inclusive, and prior thereto, petitioner was engaged in the business of producing and selling oil. In 1918 it purchased a tract of land containing 200 acres situated in the Lost Hills District of California, and paid therefor the sum of $80,000 in cash. The land was purchased by petitioner solely as an oil prospect or because of its supposed oil content. Because of its proximity to a proven oil field, it was regarded by petitioner as "semi-proven" at the time of purchase. Petitioner did not contemplate immediate drilling when the land was purchased but contemplated drilling when the proven area approached its land.

There was no drilling on the land in question prior to 1922, and prior to that year no test well was drilled closer than 1⅞ miles to said land. The nearest oil production prior to 1922 was in the extreme south end of the Lost Hills field, 2⅛ miles west of the southwest corner of said land.

At the time of purchase in 1918 the value of petitioner's land as an oil prospect depended upon two possibilities: (1) That the geological structure of the Lost Hills field might extend to its tract, and (2) that a parallel structure to the Lost Hills field would be discovered and that its tract would be found to be embraced in such parallel structure.

The Lost Hills field was an old oil field, in which the southerly and easterly limits, which were nearest to petitioner's 200-acre tract, had been determined in 1914, 1915, or 1916 within the drilling depths to which it was practicable to drill at that time. There was no drilling on the southeasterly border of the Lost Hills field known to petitioner between 1918 and 1921.

During the period from 1918 to 1921, information gradually obtained by petitioner's officers indicated that its tract of land was "off structure" and that the prospect of discovering oil on it was remote. In 1921 the

petitioner finally determined that its land was non-oil bearing and offered it for sale at $10 per acre or $2,000 for the entire tract, which was its value as grazing land, exclusive of any value as an oil prospect. Petitioner was unable to sell its tract of land at said price in 1921. At the beginning of 1922 petitioner leased its land for 15 cents per acre, or $30 for the tract, per annum.

In 1923 petitioner disposed of the said land, along with its other properties, to the Mohawk Oil Company at its book value of $2,000. In 1926 the Mohawk Oil Company transferred its properties, including said 200 acres of land, at a price of $2,000, to the California Petroleum Company, and in 1928 the latter company sold the land to the Texas Corporation at the same price.

In its tax return for the year 1921, petitioner deducted from income the amount of $78,000 claimed as a loss in the value of its land in said year. The commissioner refused to allow the deduction, and restored said amount of $78,000 to petitioner's income in computing the deficiency. The Board of Tax Appeals sustained the commissioner's ruling (25 B. T. A. 261); followed by this petition to review.

Section 234(a)(4) of the Revenue Act of 1921 provides that in computing net income there shall be allowed as deductions losses sustained during the taxable year and not compensated for by insurance or otherwise. Petitioner contends that this case is brought within the ambit of section 234 by virtue of article 143 of Regulations 62, which provides, in part, as follows: "When through some change in business conditions, the usefulness in the business of some or all of the capital assets is suddenly terminated, so that the taxpayer discontinues the business or discards such assets permanently from use in such business, he may claim as a loss for the year in which he takes such action the difference between the cost * * * and its salvage value remaining. This exception to the rule requiring a sale or other disposition of property in order to establish a loss requires proof of some unforeseen cause by reason of which the property has been prematurely discarded. * * *"

We do not believe that the benefits or deductions allowed by this article are applicable to the case at bar. The realization that the land did not contain oil was not, for instance, an "unforeseen cause by reason of which the property has been prematurely discarded," because petitioner bought the property as potential oil land with knowledge, of course, that it might prove nonproductive.

This case is distinguishable from one in which the taxpayer owned merely a right to explore for oil; petitioner owned the land itself.

In any event, it is well settled that a loss is sustained within the meaning of the statute in question only when the transaction in respect of which the loss is claimed is closed and completed by some identifiable event which makes the loss deductible, which event occurs generally only when the property in question is sold or otherwise disposed of. New York Ins. Co. v. Edwards, 271 U. S. 109, 116, 46 S. Ct. 436, 70 L. Ed. 859; United States v. White Dental Co., 274 U. S. 398, 401, 47 S. Ct. 598, 71 L. Ed. 1120; Haviland v. Edwards (C. C. A. 2) 20 F.(2d) 905; Mastin v. Commissioner (C. C. A. 8) 28 F. (2d) 748, 752; Deeds v. Commissioner (C. C. A. 6) 47 F.(2d) 695; Esperson v. Commissioner (C. C. A. 5) 49 F.(2d) 259. The property here in question was sold, not during the taxable year, but in 1923. The deduction claimed was therefore properly disallowed for the year 1921.

Decision affirmed.