## TALACHE MINES, Inc. v. UNITED STATES.

No. 2859–S.

United States District Court
D. Idaho, S. D.
May 27, 1952.

Langroise & Sullivan, Boise, Idaho, for plaintiff.

John A. Carver, U. S. Dist. Atty., and Herman Rossi and Sylvan A. Jeppesen, Asst. Dist. Attys., Boise, Idaho, for the United States.

HEALY, Circuit Judge.

The material facts of this case are not in dispute and there is no need to review them.

I am unable to escape the proposition that there cannot be said to have been an abandonment or discard of the subsurface mineral in 1942, as contemplated by the Regulations, in view of the admission of plaintiff's president that declarations of intention to continue to hold the unpatented claims were filed in 1942 and subsequently for the years 1943 and 1944. This intention in legal contemplation necessarily related to the claims as mineral ground. In the face of these formal declarations no relocation of the claims could have been made by others under the mineral laws.

But aside from the significant action of the plaintiff, I am of the opinion that the case is clearly ruled by the holding of the Court of Appeals of this Circuit in Coalinga-Mohawk Co. v. Commissioner, 64 F. 2d 262, where the facts were closely similar. In no subsequent case that I have found does the Court appear to have departed from the rule there announced where facts at all comparable to those of the Coalinga case and to this were involved. While it stands, the Coalinga holding is necessarily binding on the district courts of the circuit. Possibly, in view of a more recent drift in the general case law bearing on the subject, the Circuit Court may be persuaded to take a different view from that expressed in Coalinga.

Judgment will accordingly be for the United States. Counsel for the government will prepare and submit findings of fact and conclusions of law, and I will also consider findings that may be submitted by the plaintiff.

### Findings of Fact

#### I

This action arose under the Internal Revenue Laws, Title 26 U.S.C.A. §§ 234, 3772.

#### II

In 1917 and 1918, the plaintiff purchased certain mining property known as the Talache Mine in Bonner County, District of Idaho, which said property contained lead, gold, silver, copper, and other precious metals, and that said property was mined thereafter for such precious metals.

#### III

In 1922 the plaintiff placed the said mine in production and operated the same in the years 1922 until 1926. Thereafter the said property was mined by lessees, the final lease terminating late in 1941, and during all of this time the mine workings were maintained and kept in repair by plaintiff and the various lessees.

#### IV

That in 1942 there were approximately 83,463 tons of ore reserves in place.

#### V

In 1942 extensive and costly repairs to the mine workings were required if the mine were to be maintained and kept in condition for mining purposes. Plaintiff was unable in the year 1942, to lease said mine or sell the same. The United States was then engaged in World War II; prices of materials and labor costs were rising; there was a shortage of labor; silver mines had no priorities, either as to materials or as to labor. Plaintiff had made heavy financial commitments in relation to other mining properties which were seriously taxing the financial resources of

plaintiff. The mining properties could not profitably be operated in 1942.

## VI

In the fall of 1942 the plaintiff removed from the mine the steel rails, air hose, hoist, mine locomotive and cars, mine cage, compressor and all other equipment of which use could be made. In the fall of 1942 all care and maintenance of the mine ceased and the mine was allowed to cave in. The mine has never since and including the year 1942 been used as a mine property, nor has any ore been extracted therefrom. In the fall of 1942 the plaintiff set up on its books the sum of $30,000 as the salvage value of the surface rights of the mining property for recreational purposes.

## VII

During each of the years 1942, 1943, and 1944, the plaintiff made, executed, and caused to be filed and recorded with the county recorder of Bonner County, Idaho, a declaration of plaintiff's intention to hold possession of the unpatented mining claims in lieu of assessment work for the years 1942, 1943, and 1944, and the plaintiff paid any and all taxes assessed by the county against the patented mining claims for the years 1942, 1943, and 1944.

## VIII

That, thereafter, in 1947, the plaintiff sold for recreational purposes to certain purchasers for a cash consideration of $30,000 all of the mining claims, both patented and unpatented, the plaintiff's interest in the buildings used in connection therewith, and delivered to the purchaser in 1948 upon the payment of the said $30,000, warranty deed to the 18 patented claims and quitclaim deed to the 44 unpatented claims, and further delivered a bill of sale to the buildings located in part of United States Forest Reserve.

## IX

That the plaintiff did not give any notice to the public at any time nor during the year in question, to wit, 1942, of his abandonment of the property, nor did plaintiff renounce the title or his interest in any of the unpatented mining claims nor do any affirmative act showing an abandonment of the mining claims, but retained title and exercised its claim and control over the property until the same was sold.

## X

That, thereafter, on or about May 7, 1948, the plaintiff duly filed its claim for the sum of $22,773.22 with the Collector of Internal Revenue for the District of Idaho, which said claim for refund was rejected and disallowed by the Commissioner of Internal Revenue. This action was begun on August 9, 1951. Plaintiff and defendants stipulated in open court that if the plaintiff is allowed by law to deduct its claimed abandonment loss in the year 1942, then plaintiff is entitled to recover the full amount prayed for in its complaint.

## Conclusions of Law

### I

That the plaintiff's claim of loss is made under Title 26 U.S.C.A. § 23(f) and as authorized by Title 26 U.S.C.A. § 3772, and Regulations 111 Sec. 29(e) 3.

### II

That the claimed abandonment did not constitute a bona fide abandonment of the property. That the taxpayer did not discard or renounce title to any of the claims comprising the property, or give notice in any manner to the public that the unpatented mining claims had been abandoned by it and were reopened to relocation. The plaintiff did not divorce itself in 1942 from all interests of value in the property and the property did not become worthless in that year.

### III

That the taxpayer cannot deduct the difference between the cost and salvage value of the land purchased as potential mineral land upon realizing its worthlessness in determining income tax during the year in which it still owned the land.

### IV

That the claim for refund filed on May 7, 1948, by the plaintiff in the sum of $22,-

28

773.22 with the Collector of Internal Revenue for the District of Idaho was properly and legally rejected and disallowed by the Commissioner of Internal Revenue.

## V

That the tax in dispute was lawfully assessed and collected.

Let judgment be entered accordingly.