MERRITT J. CORBETT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 22491. Promulgated June 28, 1929.

*John E. Hughes, Esq.,* and *William Cogger, Esq.,* for the petitioner.

*W. F. Gibbs, Esq.,* and *O. W. Swecker, Esq.,* for the respondent.

### OPINION.

MARQUETTE: The record is clear that in 1921 the petitioner purchased 10 shares of the capital stock of the Hayden Petroleum Co., and that he sold them in 1923 for not more than $10. He thereby sustained a loss of at least $90, which should be deducted in computing his net income for 1923.

With reference to the other transaction, the petitioner claims a deduction from gross income under authority of section 214 (a) (5) of the Revenue Act of 1921, which provides that:

Sec. 214. (a) That in computing net income there shall be allowed as deductions:

\* \* \* \* \* \* \*

(5) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit, though not connected with the trade or business; but in the case of a nonresident alien individual only if and to the extent that the profit, if such transaction had resulted in a profit, would be taxable under this title. No deduction shall be allowed under this paragraph for any loss claimed to have been sustained in any sale or other disposition of shares of stock or securities made after the passage of this Act where it appears that within thirty days before or after the date of such sale or other disposition the taxpayer has acquired (otherwise than by bequest or inheritance) substantially identical property, and the property so acquired is held by the taxpayer for any period after such sale or other disposition. If such acquisition is to the extent of part only of substantially identical property, then only a proportionate part of the loss shall be disallowed.

The evidence shows that the petitioner actually sold the stock in question at the market and received and cashed the purchaser's check therefor. On the same day he gave instructions to his banker to repurchase for the account of his wife, stocks of the same kind and amount as those he had sold, the purchases to be made more than 30 days thereafter, and it appears that the banker followed the instructions given him and that the petitioner has never at any time had or claimed any interest in the stock so purchased. We are satisfied that the sale made by the petitioner was bona fide; that it gave rise to a loss of $28,130.12, and that the petitioner is entitled to deduct the amount of the loss from income for 1923 under the provision of law above quoted. *Pennsylvania Insurance on Lives and Granting Annuities*, 2 B. T. A. 48; *Benjamin T. Britt*, 2 B. T. A. 53; *Harold B. Clark*, 2 B. T. A. 555; and *Samuel M. Vauclain*, 16 B. T. A. 1005.

*Judgment will be entered under Rule 50.*