CHARLES S. HEMPSTEAD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15306.   Promulgated November 12, 1929.

*W. D. McBryar, Esq.*, for the petitioner.

*Hartford Allen, Esq.*, and *Hugh Brewster, Esq.*, for the respondent.

OPINION.

Smith: The errors alleged in the petition relate to the inclusion of certain dividends in petitioner's taxable income for the years 1920 and 1921 and to the exclusion from taxable income for the year 1921 of a claimed loss on the sale of securities, but the issues before us are (1) whether or not the petitioner made a valid gift to his wife in the year 1920 of certain shares of stock in the Champion Connellsville Coke Co. and in the Genuine Connellsville Coke Co., and (2) whether the petitioner made a bona fide sale in the year 1921 to his wife of certain other shares in Masontown Brewing Co. and in the Republic Brewing Co.

Although considerable testimony and a number of exhibits were introduced at the hearing, the positive facts established by the record are very meager. An examination of the record discloses that the petitioner testified that he gave certain shares of stock to his wife and sold certain other shares of stock to his wife; that all of the certificates evidencing such shares were delivered to her; that she placed all of the certificates in an envelope and that she deposited them in a safe-deposit box, yet nowhere in the record does any affirmative testimony appear showing the exact date on which these transactions occurred. On the contrary, it is apparent that the petitioner was very careful to testify generally upon those points and not to state an exact date.

The certificates of stock in the Champion Connellsville Coke Co., numbered 11, 12, 24, and 25, which the petitioner claims he gave to his wife on April 4, 1920, shows discrepancies both with respect to the purported date of assignment and the cancellation thereof, and each of the certificates of stock in the Genuine Connellsville Coke Co., numbered 16, 17, and 18, which the petitioner claims he gave to his wife on April 4, 1920, also shows certain discrepancies thereon.

Furthermore, it is significant that the shares of stock which the petitioner claims he gave to his wife in 1920 were valuable and during the years 1920 and 1921 paid dividends in the sum of $4,650 and $2,000, respectively, all of which were paid to and received by the petitioner, as none of such shares were transferred upon the books of the issuing corporation. Also, it is noted that the shares of stock which the petitioner claims he sold to his wife in 1921 were of little or no value and that the consideration which the petitioner claims he received in return therefor, namely, Liberty bonds of the face value of $1,500, was greatly less than the original cost to the petitioner of such shares, the March 1, 1913, value of which is not disclosed.

In numerous cases we have had occasion to refer to the essential elements of a valid gift. In *Margaret M. Edson*, 11 B. T. A. 621, we said:

For a determination of the question of the validity of a gift *inter vivos* certain definite and well recognized rules have been formulated. Presupposing parties legally competent to act there must be (1) a definite intention on the part of the donor to make an absolute gift; (2) delivery of the subject matter of the gift; and (3) acceptance by the donee. The rule has been stated by a few of the numerous authorities as follows:

* * * Among the indispensable conditions of a valid gift are the intention of the donor to absolutely and irrevocably divest himself of the title, dominion, and control of the subject of the gift in praesenti at the very time he undertakes to make the gift; * * * (*Allen-West Commission Co.* v. *Grumbles*, 129 Fed. 287.)

* * * Gifts inter vivos of personal property, to be effective, must be accompanied by the delivery of the possession, the donor parting with all present and future dominion over it; the donor must be divested of, and the donee invested with, the right of property in the subject of the gift; it must be absolute, irrevocable, without any reference to its taking effect at some future time; and without such proof, clear and explicit, the gift fails. (*Bowen* v. *Kutzner*, 167 Fed. 281.)

But it is the intention of the alleged donor to give away his property, not the intention of the alleged donee, or his hope or belief, that conditions a valid gift. The clear and certain intention of the donor presently and forever to part with his property is indispensable to such gift. * * * (*Snavely* v. *Henderson*, 204 Fed. 978.)

* * * To constitute a valid gift inter vivos, there must be an intention to give, and a delivery unto the donee, or to some one for him, of the property given. An intention of the donor to give is not alone sufficient. The intention must be executed by a complete and unconditional delivery. Neither will a delivery be sufficient unless made with an intention to give. The transaction must show a completely executed transfer to the donee of the present right of property and the possession. The donee must become the owner of the property given. [Authorities cited.] (*In re Soulard's Estate*, 141 Mo. 642; 43 S. W. 617.)

The record in the instant proceeding is wholly silent as to acceptance by Antoinette B. Hempstead and the only evidence of delivery is the testimony of the petitioner, which fails to establish the definite date upon which that act occurred. While it is undeniably true that if the petitioner made a valid gift to his wife of the shares of stock in question in April, 1920, any dividends received after that date became her property and should not be included in his taxable income, we are convinced from the very confusing record existing here that the petitioner has failed to establish the making of a bona fide gift of the stock to his wife, either in the year 1920 or in any other year prior to the year 1925, when his books were examined by a revenue agent. Cf. *Lust* v. *Miller*, 4 Fed. (2d) 293; *Lee* v. *Lee*, 5

Fed. (2d) 767; *P. B. Fouke*, 2 B. T. A. 219; *S. L. Fowler*, 6 B. T. A. 250; *Richard Tuffli*, 13 B. T. A. 1255; and *Edwin B. Michael, Administrator*, 16 B. T. A. 1365.

Consequently, the first issue must be resolved in favor of the respondent, who committed no error in including the amounts of $4,650 and $2,000 as dividends in the taxable net income of the petitioner for the years 1920 and 1921, respectively.

With respect to the remaining issue, the record does not disclose that the shares of stock in the Masontown Brewing Co. and in the Republic Brewing Co. were ever transferred on the books of the respective corporations. The cancellation date appearing on the face of the certificates of stock in the Masontown Brewing Co. is June 3, 1925. This date is followed by the initials " P. H. R." which appear to be those of the treasurer of the corporation, P. H. Ralston, whose signature appears on the face of the certificates. The certificates of stock in the Republic Brewing Co. bear the word " canceled " without date or initials, and the word " cancelled " did not appear on the certificates in April, 1925, when the revenue agent made his first examination.

The books and records of the petitioner and his wife do not disclose any entries relating to the sale of the shares of stock in question during the year 1921. All of the certificates involved in this proceeding were at all times kept in a single safe-deposit box to which the petitioner had independent access and control and at the time the revenue agent made his first examination they were not segregated in the safe-deposit box, either by means of a separate envelope or otherwise. The record is ambiguous with respect to the consideration which the petitioner claims he received for the stock, the evidence showing in one instance that the consideration consisted of cash and in another instance that it consisted of Liberty bonds of a face value of $1,500. Furthermore, the record fails to disclose positive testimony relating to the specific date on which the sale is claimed to have been made.

Counsel for the respondent submits that there appears to be no reason why a transaction between husband and wife should not be as clearly defined and as fully consummated as transactions involving other persons, especially where the transactions appear to be made for the purpose of reducing taxes. In *P. B. Fouke, supra*, which involved the question of the existence of a bona fide sale of certain securities between husband and wife, we said:

> While there is no question that husband and wife may contract with each other—may buy from and sell to each other—in all such transactions the close relationship of husband and wife is, nevertheless, to be borne in mind, and such transactions are peculiarly subject to scrutiny when they involve the rights of third parties. This applies either to the rights of creditors or to the rights

of taxing authorities. Husband and wife may not play fast and loose with their respective properties to the prejudice of creditors, nor may they do the same thing to the prejudice of taxes which they properly owe to the Government.

In view of the foregoing, we are entirely unconvinced that the petitioner made a bona fide sale of certificates of stock in the Masontown Brewing Co., numbered 187, 191, and 258, and certificates of stock in the Republic Brewing Co., numbered 121, 124, 199, and 237, to his wife on April 4, 1921, or upon any other date in that year. Furthermore, it is noted that the certificates in question were acquired by the petitioner prior to March 1, 1913, and that the March 1, 1913, value of such certificates remains undisclosed. Consequently the second issue must also be resolved in favor of the respondent.

*Judgment will be entered for the respondent.*