ROBERT E. BINGER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 31984. Promulgated February 6, 1931.

*Franklin Waldheim, Esq.,* for the petitioner.
*Maxwell E. McDowell, Esq.,* and *P. M. Clark, Esq.,* for the respondent.

#### OPINION.

MATTHEWS: The Commissioner asserted a deficiency in income tax against the petitioner for the year 1923 in the sum of $1,497.84. The petitioner alleges that the Commissioner erred (a) in increasing the petitioner's taxable income for 1923 by the sum of $5,000, which amount the petitioner claims to have received as a gift made in appreciation of his services; (b) in refusing to allow as a deduction from petitioner's taxable income for 1923 the sum of $8,404, which amount is alleged to represent a loss sustained by the petitioner in the taxable year on account of the sale of 100 shares of preferred stock of the Castle Kid Company. The Commissioner disallowed this deduction upon the ground that the stock in question was the property of the petitioner's wife and the loss was sustained by her.

With respect to the sum of $5,000 which the Commissioner added to the petitioner's income for 1923, it is the Commissioner's position that this sum did not constitute a gift, but was paid as compensation for services rendered by the petitioner.

At the hearing counsel for the petitioner pointed out that the issue with respect to the loss alleged to have been sustained by the petitioner from the sale of 100 shares of the preferred stock of Castle Kid Company has already been decided by the Board. It appears from the undisputed evidence that the petitioner's wife purchased 200 shares of the preferred stock of Castle Kid Company in 1919 and that petitioner thereafter acquired this stock from his wife. Petitioner sold 100 shares in 1922 and 100 shares in 1923 and claimed to have sustained a loss therefrom in both years. The Commissioner disallowed the deductions taken by the petitioner on account of the losses arising from the sale of this stock and the petitioner appealed from the deficiencies proposed for 1922 and 1923. The appeal for the year 1922 was decided by us in favor of the taxpayer in a memorandum opinion dated November 25, 1929, and that decision will be followed in this case with respect to the issue arising out of the disallowance of the deduction taken by the petitioner on account of the loss from the sale of the stock. We accordingly hold that the sum of $8,404 represents a deductible loss in the year 1923.

There remains for consideration the question whether the sum of $5,000 received by the petitioner in 1923 constitutes a gift which is not taxable, or whether it represents compensation for services rendered by the petitioner which should be included in his taxable income.

The Merchants & Shippers Insurance Company was organized in 1919 in order to provide marine insurance for a group of manufacturers who were having to pay very high rates of insurance and who thought it would be a good proposition to have their own insurance company. Petitioner became a director and was instrumental in getting other manufacturers to invest in the company. The first president of the company was one Isaac Klein, who was an expert insurance man and had had wide experience in that field. Klein died very shortly after the company was organized. In the latter part of 1920 or early in 1921 petitioner was asked to become president of the Merchants & Shippers Insurance Company. He accepted the position, agreeing to serve without remuneration. Petitioner was president of the Newcastle Leather Company and was carrying on his own business at the same time, but devoted a great deal of time to the affairs of the insurance company and felt a moral responsibility for its success, having influenced others to invest in its stock. At the time he became president of the insurance company petitioner was not familiar with insurance work and had to learn the business.

In 1923 it became apparent that the Merchants & Shippers Insurance Company could not continue in business unless it was merged with another company. Fortunately, such a merger was negotiated and there was formed the United States Merchants & Shippers Insurance Company, which merger was entered into on a very favorable basis for the stockholders of the Merchants & Shippers Insurance Company, the company of which the petitioner had been acting as president. Except for the sum of $5,000, all the assets of the Merchants & Shippers Insurance Company were taken over by the new company. The stockholders of the Merchants & Shippers Insurance Company surrendered their stock and received share for share in new shares of the United States Merchants & Shippers Insurance Company. Before the merger was consummated petitioner was advised by certain directors of the old company that it had been proposed at a meeting of the directors which he did not attend that any money which would not be needed in the merger should be voted to the petitioner as a gift in appreciation of the services he had rendered to the corporation during his term of office as president. He attended the final meeting of the board of directors of the Merchants & Shippers Insurance Company, at which the sum of $5,000 was voted to be paid to the petitioner, and this amount was so paid by the old company. This payment was not reported by the petitioner in his return of income for the year 1923.

To establish a gift there must be an intention to make a gift, a transfer of possession in accordance therewith, and an acceptance by the donee. The transfer must also be without consideration or compensation therefor. See *Cora L. Beatty, Executrix*, 7 B. T. A. 726, and cases cited therein.

The only evidence of record having any relation to the intention of the corporation to make a gift of the amount involved herein is the testimony of the petitioner himself. He has testified that there was no moral or legal obligation on the part of the corporation to pay him the amount in controversy. It does not follow that such payment amounted to a pure gratuity or gift. Corporations frequently pay bonuses to their officers and employees and charge the same to their salary accounts, although they may be under no obligation to pay such additional compensation. There is no question that the petitioner rendered valuable services to the corporation and that the payment of $5,000 was voted to the petitioner in appreciation of his services. We can not say that the element of consideration was absent.

In *William C. Barnes*, 17 B. T. A. 1002, we held that where stockholders of a holding company voluntarily and without obligation contributed to a fund raised to reward officers and employees of the

operating company for long and faithful services, and the fund was distributed by a committee of stockholders to such officers and employees, the amounts received were gifts and not additional compensation. See also *Jones* v. *Commissioner*, 31 Fed. (2d) 755; *Blair* v. *Rosseter*, 33 Fed. (2d) 286, affirming the decision of the Board reported at 12 B. T. A. 254.

In the instant case it does not appear that any action was taken by the stockholders with respect to rewarding the petitioner for his efficient services. We have found that the directors voted the sum of $5,000 to be paid to the petitioner, but we are not informed whether the corporation deducted this amount under the head of " Compensation of Officers." Directors have no authority to make a gift from the corporate assets. *Noel* v. *Parrott*, 15 Fed. (2d) 669 (certiorari denied, 273 U. S. 754).

The evidence fails to establish that the income in controversy was a gift and, therefore, not taxable. *Willis L. Garey*, 16 B. T. A. 274; *Chauncey L. Landon*, 16 B. T. A. 907; *George B. Lester*, 19 B. T. A. 549.

The Commissioner did not err in adding to the petitioner's income for 1923 the sum of $5,000.

*Judgment will be entered under Rule 50.*