Benjamin T. Burton, Petitioner, *v*. Commissioner of Internal Revenue, Respondent.

Docket No. 61055. Promulgated August 23, 1933.

*Courtland Kelsey, Esq.*, for the petitioner.
*Bernard D. Daniels, Esq.*, for the respondent.

OPINION.

STERNHAGEN: The respondent determined a deficiency of $8,739.17 in the petitioner's income tax for 1929. The only item which the petitioner contests is the disallowance of a deduction taken by him on his return for a loss resulting from the alleged sale of 1,000 shares of Continental Shares, Inc.

On September 30, 1929, the petitioner bought 1,000 shares of Continental Shares, Inc., at $68.50 a share, a cost of $68,500. The purchase was made through Otis & Co., by whom petitioner was employed. He financed the purchase by borrowing from two banks and pledging the shares as security upon his notes. On December 11, 1929, he sold the shares through Otis & Co. at 42 for $42,000, took up his notes and cleared his accounts at the banks, receiving from them $15,000. At the time of petitioner's sale, his wife made a purchase of 1,000 shares of Continental Shares, Inc., through Otis & Co. at 42. The petitioner gave his wife $15,000 by making a payment of this amount to Otis & Co. for her account on the purchase. She financed the purchase by borrowing at the same two banks, giving her own notes, and pledging the shares. New certificates were issued to her.

The above facts are all beyond dispute, and in our opinion establish clearly a purchase and sale by the petitioner in 1929 with the resulting loss, and that since the loss was incurred in a transaction entered into for profit, it is a statutory deduction. It can not be denied merely because it was actuated by a motive of making the loss a real one and hence deductible. Nor can it be said that the sale was any less genuine because the wife contemporaneously purchased the same amount of similar shares. While such transactions involving members of the same family are always to be carefully scrutinized and clear evidence demanded to establish them fully, their recognition may not be denied when by proper evidence they are shown to be actual. From the evidence here, there is no reason to doubt the legitimacy of the loss. The respondent's determination is in this respect reversed.

*Judgment will be entered under Rule 50.*