FRIDA HELLMAN COLE, EXECUTRIX, ESTATE OF LOUIS M. COLE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 66237.   Promulgated December 19, 1933.

*Joseph D. Brady, Esq.*, for the petitioner.
*P. M. Clark, Esq.*, for the respondent.

#### OPINION.

LANSDON: The respondent has determined a deficiency in income tax for the year 1929 in the amount of $74,059.17, which he now stipulates should be reduced to $27,568.59. In the original petition the statute of limitations was pleaded. Petitioner now abandons such defense and in an amended petition pleads that the income in question belonged to the wife of the decedent and is taxable to her on the basis of a separate return. All the facts have been stipulated as follows:

Petitioner is the duly appointed and acting executrix of the estate of Louis M. Cole, who died a resident of the city of Los Angeles, State of California, on September 29, 1930. The Farmers & Merchants National Bank of Los Angeles, which joined with the petitioner in filing the original petition herein, has resigned as co-executor of the above-mentioned estate and is not now acting as such. Petitioner is now an inhabitant of the city of Los Angeles, State of California.

Petitioner's decedent and Frida Hellman Cole inter-married January 6, 1904, and lived together continuously as husband and wife until the death of petitioner's decedent on September 29, 1930.

On or about March 15, 1930, there was filed with the Collector of Internal Revenue at Los Angeles, on Form 1040, of the Treasury Department Internal

Revenue Service, a return of the income of Louis M. Cole and Frida Hellman Cole for the calendar year 1929.

The questions appearing on the face of said return and reading "3. Is this a joint return of husband and wife?" and "5. Were you married and living with husband or wife on the last day of your taxable year?" were answered "Yes".

The question likewise appearing on the face of said return and reading, "How many dependent persons (other than husband or wife) under 18 years of age or incapable of self-support were receiving their chief support from you on the last day of your taxable year?" was answered "Two".

The Louis M. Cole, by whom said return was filed, is petitioner's decedent, and the answers made to the questions above referred to were true and correct.

In computing the deficiency respondent has allowed petitioner's decedent a personal exemption of $3,500 and a credit for dependents of $800.

Said joint return showed a net income on line 20 of $60,776.61 and a total tax liability on line 52 of $4,984.64; the entire amount of which was assessed and has been reflected in the computation of the deficiency.

The principal basis for the Commissioner's action in asserting the deficiency here in controversy was the ruling of said Commissioner that taxable gain resulted in the taxable year from certain exchanges of stock by which said Louis M. Cole and said Frida Hellman Cole parted with certain shares of stock of Merchants National Trust & Savings Bank and after certain intermediate steps acquired the shares of stock of Transamerica Corporation. The details of said transactions were fully disclosed in a memorandum attached to said return by the taxpayers who claimed therein that they constituted a nontaxable reorganization.

Since the issuance of the deficiency notice herein the Commissioner has reconsidered his ruling with reference to the transactions referred to and is now of opinion that while certain of said transactions were taxable, others were non-taxable; and the Commissioner now asserts that the deficiency is $27,568.59 and not $74,059.17.

A segregation of the amount of net income which the Commissioner has redetermined as a basis for his present claim for a deficiency of $27,568.59, between the income of petitioner's decedent and the income of Frida Hellman Cole, will show a total net income for petitioner's decedent of $9,614.47, of which $4,279.88 is income from dividends not subject to normal tax; and separate income of Frida Hellman Cole in the amount of $253,479.41, of which $238,855.76 is subject to tax at the capital gain rate of 12½ per cent, and $14,623.65 is subject to normal tax.

The estate of petitioner's decedent is now in process of probate in the Superior Court for Los Angeles County, State of California, and provable claims (not including the deficiency here in controversy) have been filed against said estate in an amount substantially in excess of the value of the assets of said estate.

If petitioner is wrong in her claim that as a matter of law the estate of her decedent is not liable for any portion of a deficiency attributable to the separate income of Frida Hellman Cole, then it is stipulated that the correct amount of the deficiency is $27,568.59.

The respondent based his determination on the provisions of section 51 of the Revenue Act of 1928, and on article 381 of Regulations

74.[1] It often happens that in the same taxable year one spouse has income and the other sustains losses. It is obvious that an inflexible rule requiring each to file a separate return might result in collecting a substantial amount of tax from a family in a year in which, regarded as a single entity, it had sustained losses. In recognition of such contingencies and of the long established principle that the family is an economic, as well as a social unit, Congress enacted section 51 (b) (2) of the Revenue Act of 1928, which authorizes husband and wife to file a joint return but prescribes that the tax shall be computed on the aggregate income.

The deficiency here has been determined on a joint return filed for the year 1929 by the decedent for himself and his wife, who is now the executrix of her deceased husband's estate. There is no controversy over the amount of the deficiency, which is not outlawed and for which some one is liable. Counsel for petitioner argues at length that inasmuch as the income in question was received by the wife, liability for the tax thereon cannot be asserted against the husband. In short, his contention is that the joint return is filed for computing purposes only and that each of the spouses is liable for tax only on the proportion of income separately received. He would have us regard the joint return as if it were the consolidated return of an affiliated group and arbitrarily hold that tax should be ratably allocated to the two taxpayers who have joined in a single return.

In our opinion the theory of the petitioner's counsel requires little discussion. In the first place the joint return contains no data upon

---

[1] ART. 381. *Individual returns.*—For each taxable year every single person and every married person not living with husband or wife whose gross income as defined in sections 22 and 116 is $5,000 or over, or whose net income as defined in section 21 is $1,500 or over, must make a return of income. The return shall be for his taxable year, whether calendar or fiscal. Whether or not an individual is the head of a family or has dependents is immaterial in determining his liability to render a return. A husband and wife living together for the entire year need make no returns unless their aggregate gross income for the taxable year is at least $5,000 or their aggregate net income is at least $3,500. If their aggregate net income for the taxable year is $3,500 or more, or their aggregate gross income is $5,000 or more, either must make a return or the income of each must be included in a single joint return. A husband and wife living together for a period which is less than the entire taxable year must make a return or returns if their aggregate gross income for the taxable year is $5,000 or more, or their aggregate net income is equal to, or in excess of, the credit allowed them by section 25 (e) (2). (See article 295). Where the income of each is included in a single joint return, the tax is computed on the aggregate income and all deductions and credits to which either is entitled shall be taken from such aggregate income. The husband shall include in his return the income derived from services rendered by the wife or from the sale of products of her labor if she does not file a separate return or join with him in a return setting forth her income separately. A joint return of husband and wife may be filed only if they were living together at the close of their taxable year. Where one spouse dies prior to the last day of the taxable year, the surviving spouse should not include the income of the deceased spouse in a joint return for such taxable year. For returns by fiduciaries, see section 143 and articles 741–746; by partnerships, see section 189 and articles 941 and 942; and by nonresident alien individuals, see section 217 and article 1081. See also section 53 and articles 401–404.

which the separate taxable income of the two spouses can be computed. There is no segregation of the amounts of gross income severally received or any designation of the deductions to which each would be entitled. Since the joint return, though made by the husband, reports the income as a unit, we think it is perfectly clear that liability for the tax is joint and several and may be asserted against and collected from either spouse. See *Grant* v. *Rose*, 24 Fed. (2d) 115; affd., *Rose* v. *Grant*, 39 Fed. (2d) 340; appeal to Supreme Court dismissed in *Rose* v. *Grant*, 283 U.S. 867.

The position of the petitioner is in effect a demand for the withdrawal of the joint return duly filed in the taxable year and the substitution as amendments thereto of individual returns representing the separate income of each of the spouses. It is now well established that the right of election granted in section 51 of the Revenue Act of 1928 and in similar provisions of prior acts is exhausted when a joint return is filed. *McIntosh* v. *Wilson*, 36 Fed. (2d) 807; *Herman Einstein*, 10 B.T.A. 240.

*Decision will be entered for the respondent.*