JOSEPH E. UIHLEIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 51234. Promulgated April 17, 1934.

*Ward Loveless, Esq.,* for the petitioner.
*J. E. Marshall, Esq.,* for the respondent.

OPINION.

McMahon: The first contention of the respondent, that, where a husband and wife living together file a single joint return of income, such husband and wife become a single taxing unit and, consequently, a loss sustained by the husband from the sale of stock to his wife, or vice versa, may not be taken as a deduction in the joint income tax return, as an individual can not sell property to himself, was considered in *Frank B. Gummey*, 26 B.T.A. 894, wherein the Board, resolving such contention adversely to the respondent, stated as follows:

* * * Where a husband and wife exercise the statutory right to file a single joint return gross income and deductions are listed as though they belonged to the one making the return, but in reality they represent the combined receipts and deductions of each. To reach the aggregate net income, on which the tax is computed, consideration must be given to the transactions

of each. In no other way can the combined taxable income be determined. The respondent has recognized this condition by the promulgation of regulations under section 51 of the 1928 Act providing that where husband and wife file a single joint return "all deductions to which either is entitled shall be taken from such aggregate income." A like regulation was in force under prior acts containing provisions similar to section 118 of the 1928 Act. Art. 401, Regulations 62, 65 and 69.

If the theory being advanced by the respondent here were carried out to its logical conclusion, a loss sustained by a husband or wife in a transaction between them would not be deductible under the statute on the ground that a person can not enter into a transaction with himself. A loss sustained by the husband in a transaction with his wife has been allowed as a deduction from gross income reported in their single joint return. *Fleitmann et al.*, 22 B.T.A. 1291. The acquiescence of the respondent in the decision is shown in C.B. X–2, 214.

Had the petitioner and his wife filed separate returns, there would be no question about the deductibility of the losses sustained by each. In filing a single joint return they lost none of such rights; each remained an individual, and as such, a taxpayer, within the meaning of section 118 of the statute.

See also *Robert E. Binger*, 22 B.T.A. 111; *Carl P. Dennett*, 30 B.T.A. 49; *W. E. Brochon*, 30 B.T.A. 404, also decided this date; and *Frida Hellman Cole*, 29 B.T.A. 602.

The remaining question to be considered is whether the transfer of 750 shares of the stock of Eline's by the petitioner to his wife constituted a sale made in good faith.

The petitioner testified that the reduction of taxes was also considered, although his purpose was to dispose of the stock. Even though the sale involved herein was carried out with the express purpose of avoiding tax liability, such motive is not ground by itself for the denial of the allowance of the claimed loss. The courts and the Board have held that a loss sustained from a sale made in good faith with the sole purpose of decreasing tax liability is deductible if effected by legal means. *United States* v. *Isham*, 17 Wall. 496; *Nace Realty Co.*, 28 B.T.A. 467; *Theron E. Catlin*, 25 B.T.A. 834; and cases cited.

In *Wiggin* v. *Commissioner*, 46 Fed. (2d) 743, the court stated:

The test of the validity of these contracts is not whether the motive therefor, perhaps even the dominant motive, may not have been to reduce Wiggin's income taxes; the test is whether the transaction was real, the contract valid, as between him and the corporation.

While transactions involving members of the same family or those bearing a confidential relation to each other should be carefully scrutinized, *Benjamin T. Burton*, 28 B.T.A. 1242; *James L. Robertson*, 20 B.T.A. 112; *Charles S. Hempstead*, 18 B.T.A. 204; *Albert W. Finlay*, 17 B.T.A. 828; *Royal Wet Wash Laundry, Inc.*, 14 B.T.A. 470; and *P. B. Fouke*, 2 B.T.A. 219, "their recognition may not be denied when by proper evidence they are shown to be actual." *Benjamin T. Burton, supra.*

Section 246.03 of the Wisconsin Statutes of 1925 provides as follows:

Any married female may receive by inheritance or by gift, grant, devise, or bequest from any person, hold to her sole and separate use, convey and devise real and personal property and any interest or estate therein of any description, including all held in joint tenancy with her husband, and the rents, issues and profits thereof in the same manner and with like effect as if she were unmarried, and the same shall not be subject to the disposal of her husband nor be liable for his debts. Any conveyance, transfer, or lien executed by either husband or wife to or in favor of the other shall be valid to the same extent as between other persons.

As to the effect of this statute, the Wisconsin Supreme Court in *Bradley* v. *Selden*, 228 N.W. 494, stated: "The statute now places the wife on the same legal basis as any other person, changing the rule which prevailed under the earlier decisions."

The testimony of the petitioner and his wife is unequivocable and uncontradicted. They testified that an actual bona fide sale, and not a gift, was intended; that no agreement or understanding existed between them that the stock was to be held by the wife as the property of the petitioner or the purchase price was to be returned by the petitioner to the wife; that the purchase price was paid by the wife to the petitioner out of her own separate estate, which was substantial; that the transaction was treated as a sale upon the individual books of account of both the petitioner and his wife; that the stock transferred to the wife has been, ever since its transfer to her, a part of her separate estate; and that the petitioner never reacquired the stock from his wife.

The stock was transferred on the books of the corporation and a new certificate therefor issued to the wife. The bookkeeper of the petitioner and the bookkeeper of the petitioner's wife testified that the transaction was treated as a sale by the petitioner and a purchase by his wife and so recorded in their respective books of account.

We have found that the fair market value of Eline's preferred stock, at the time of the sale in question here, did not exceed $1 per share.

Upon the whole record in this proceeding it is our opinion that the sale in question was made in good faith, and we cannot agree with respondent's contention, on brief, that it was an accommodation sale and not a bona fide sale. See *Commissioner* v. *Hale*, 67 Fed. (2d) 561, and *Carl P. Dennett, supra*, Cf. *W. E. Brochon, supra*.

The loss in question here is deductible.

Reviewed by the Board.

*Decision will be entered under Rule 50.*