FRANK M. ARGUIMBAU, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 73614.   Promulgated November 14, 1934.

*Allen G. Gartner, Esq.,* for the petitioner.
*J. M. Leinenkugel, Esq.,* for the respondent.

OPINION.

SMITH: The respondent has determined a deficiency in the petitioner's income tax for 1931 in the amount of $1,652.43. The petitioner alleges error on the part of the respondent in disallowing the deduction from gross income in a joint income tax return filed for 1931 of a loss of $7,828 sustained by the petitioner's wife on the sale of 200 shares of the preferred capital stock of Cushman's Sons Co.

During October and November 1927 the petitioner's wife purchased 200 shares of Cushman's Sons Co. preferred stock through her brokerage account with the firm of Campbell, Starring & Co., of New York City, at a total cost of $23,780. The shares of stock were purchased with her own separate funds. Both the petitioner and his wife had separate estates. The petitioner's wife inherited her estate from her father, who died in 1902.

The 200 shares of Cushman's Sons Co. stock purchased by the petitioner's wife in 1927 were sold through the firm of Baker, Weeks & Harden, of New York City, on December 16, 1931, for $80 a share, or for a total consideration, after commissions, of $15,952. The brokerage firm's check for that amount, dated December 21, 1931, and made payable to the petitioner's wife, was deposited in her bank account. Thereafter, she never acquired any other shares of the Cushman's Sons Co. stock.

On December 16, 1931, the petitioner bought 200 shares of Cushman's Sons Co. preferred stock through the brokerage firm of Baker, Weeks & Harden on his own brokerage account. Payment for these shares was made by his check dated December 21, 1931, payable to the brokerage firm. He held the shares in question for two or three months and then sold them. Also, on December 21, 1931, the petitioner's wife sold for $29,988, and the petitioner purchased for $30,463, 300 shares of American Tobacco Co. preferred stock. The petitioner and his wife had separate brokerage accounts and did a large amount of trading in securities.

For several years prior to the taxable year 1931 the business affairs of the petitioner and his wife, particularly their dealings in stocks and securities, had been conducted by their son, who was associated with the brokerage firm of Baker, Weeks & Harden as a " customer's man." He acted as agent for both his father and mother and handled the brokerage accounts of both of them. He was authorized to make purchases and sales for their accounts without their written consent. The sale of the Cushman's Sons Co. stock was ordered by the petitioner's wife, but the purchase was made by the son for the petitioner without any prior authorization from the

petitioner for such purchase. The son knew of no agreement between his father and mother that his father would resell or give back the Cushman's Sons Co. stock to his mother.

The bank account of the petitioner's wife in the United States Trust Co., 45 Wall Street, New York City, shows a balance at December 21, 1931, of $41,165.98 and a deposit on that date of $45,940. It also shows a check drawn on that date, payable to Frank M. Arguimbau, the petitioner, for $46,190, leaving a balance of $40,915.98.

The petitioner's bank account in the National City Bank of New York as of December 21, 1931, shows a balance of $15,741.36 and the deposit of a check of Harriet L. Arguimbau, his wife, for $46,190, making a total of $61,931.36. It also shows a check dated December 21, 1931, drawn to the order of Baker, Weeks & Harden for $46,190, leaving a balance of $15,741.36.

In his deficiency notice the respondent stated that the deduction of the amount of $7,838 (sic) was disallowed for the reason that the transaction resulting in the alleged loss was not a bona fide sale. In his brief filed in this proceeding the respondent takes the position that the sale by the petitioner's wife and the purchase by the petitioner of the shares in question were transactions between husband and wife which should be eliminated in computing the tax due upon the joint return filed by them. On brief, the respondent states that it is his contention that "while a sale between husband and wife may constitute a bona fide transaction the 'income' or 'loss' resulting therefrom should be eliminated in computing income upon the basis of joint returns."

Although the deficiency notice shows that the respondent disallowed the deduction of the claimed loss on the sale of 200 shares of Cushman's Sons Co. preferred stock upon the ground that the transaction did not represent a bona fide sale, he has not in his brief filed in this proceeding made any such contention. The evidence of record does not prove that the sale was other than bona fide. It is true that there was a transfer from the petitioner's wife's bank account to the petitioner's bank account of $46,190 on December 21, 1931, the reason for which is not explained. But this transfer may have been made as a loan to the petitioner, in settlement of a debt owed, or as a gift. We do not think that it is evidence that the sale was not bona fide. The evidence is uncontradicted that the wife was not the owner of the shares after December 16, 1931, but that they belonged to the petitioner and that he sold them two or three months thereafter. The loss sustained by the wife is a legal deduction from her gross income. See *Benjamin T. Burton*, 28 B. T. A 1242; *Carl P. Dennett*, 30 B. T. A. 49; *Charles F. Fawsett*, 31 B. T. A. 139.

In his brief the respondent submits that losses sustained on transactions between husband and wife are not deductible from the gross income reported on a joint return. We have held to the contrary, however, in *Joseph E. Uihlein*, 30 B. T. A. 399. In accordance therewith we hold that the loss of $7,828 is a legal deduction from the gross income reported on the joint return of the petitioner and his wife for 1931.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

GOODRICH concurs in the result.

BLACK, SEAWELL, MATTHEWS, and ADAMS dissent.