*651 OPINION.
Sternhagen:
The respondent held that when the petitioner turned in the 9,000 Trust Shares of America, which he had held more than two years, and received the aliquot portion of the assets consisting of various corporate shares which had been part of the composite fund of the trust, he did not sustain a loss, but only reduced his existing right to such shares to possession. The defense of this determination relies largely upon the fact that among the incidents of ownership of the trust shares was the unqualified right to exchange them for the proportionate trust assets. The petitioner contends that the trust shares were essentially different property from the corporate assets which gave them value, and that by turning them in for assets in the fund he exchanged property at a loss which must be recognized as deductible under the Eevenue Act of *652 1932, section 112 (a).[1] This seems to us to be inescapable, Allen v. Commissioner, 49 Fed. (2d) 716; certiorari denied, 284 U. S. 655; Bancker v. Commissioner, 76 Fed. (2d) 1; certiorari denied, 296 U. S. 603; Prescott v. Commissioner, 76 Fed. (2d) 3. We are not persuaded by G. C. M. 10235, XT-1 C. B. 68 (1932). Although the organization called Trust Shares of America appears to be a trust, it is in our opinion not essential to the present decision to call it by a definitive name. It is sufficient if it be separate from the petitioner so that his ownership of an interest in the fund is different from the ownership by the organization of the fund itself. The evidence, as shown by the findings, clearly indicates such a difference in ownership as would insulate the petitioner from direct taxation upon the gains and income of the organization, cf. Wild v. Commissioner, 62 Fed. (2d) 777, and would require that be be taxed if the value of the assets received from the organization had exceeded the cost of his shares, Allen v. Commissioner, supra. He can not, therefore, be denied the deduction when by the same reasoning the exchange results in a loss.
The respondent has disallowed any deduction in respect of the sale by petitioner through his broker of shares subsequently acquired by his wife under the circumstances set forth in the findings. The respondent argues that the sale was a sham which left the petitioner as much the owner of the shares as he had been before it was attempted. In our opinion, however, the evidence establishes a sale, with the resulting loss. While it has frequently been said that transactions between a husband and wife are subject to more careful scrutiny, P. B. Fouke, 2 B. T. A. 219; James L. Robertson, 20 B. T. A. 112; Joseph E. Uihlein, 30 B. T. A. 399 (on review C. C. A., 7th Cir.) ; than transactions in the ordinary course of business, and in some instances alleged sales were refused recognition because in all the circumstances it could not be found that title had passed or the alleged loss had been sustained, Shoenberg v. Commissioner, 77 Fed. (2d) 446; certiorari denied, 296 U. S. 586; Lulu Tirrill Coombs, 30 B. T. A. 35; Joseph Blumenthal, 30 B. T. A. 125; W. E. Brochon, 30 B. T. A. 404; D. A. Belden, 30 B. T. A. 601, there have been, on the other hand, numerous cases where intrafamily transactions were held, upon the evidence, to require full recognition, Merritt J. Corbett, 16 B. T. A. 1231; Benjamin T. Burton, 28 B. T. A. 1242; Joseph E. Uihlein, supra; Charles F. Fawsett, *653 31 B. T. A. 139; Frank M. Arguimbau, 31 B. T. A. 604; Edmund S. Twining, 32 B. T. A 600 (on review C. C. A., 2d Cir.) ; Thomas W. Behan, 32 B. T. A. 1088 (on review, C. C. A., 2d Cir.). The evidence in this proceeding, in our opinion, establishes the sale by the petitioner of the shares, and the deduction of the resulting loss can not properly be denied. It matters not that the sale was arranged by petitioner in order that he might realize as a loss the diminution in value for tax purposes, nor does it matter that he was able to persuade his wife to purchase similar shares because of his belief that they would “come back.” The fact that he thought it necessary to procure Lyons to act as an intermediate owner, with the assurance to Lyons that Mrs. Young would purchase the shares from him so that Lyons would not be expected to hold them, does not destroy the genuineness of the petitioner’s complete disposition. The respondent’s argument proceeds upon the erroneous conception that a wife’s ownership may be regarded as dominion or control by the husband. There is nothing in the present record to support this view. Mrs. Young is shown to have substantial wealth of her own, far more than was necessary to enable her to buy these shares. Her property was kept and accounted for separately from that of her husband. Some of the shares here involved were recorded in her name and some continued in the name of Lyons with his blank endorsement. All of them were kept among her separate properties, and some of them have since been sold by her. None of the proceeds or of the shares have been acquired subsequently by the petitioner, and there is no evidence to support the respondent’s suggestion that they were used by petitioner as collateral security for his personal loans. Under these circumstances, we have found that petitioner sold the shares in 1932 and thereby sustained the loss which he claims, and we conclude as a matter of law that he is entitled to the deduction of the amount of his loss.
3. The fraud penalty was predicated entirely upon the respondent’s view that the foregoing sales of shares were sham, that the petitioner sustained no loss thereby, that his return was fraudulent, and that, since the deficiency was due in part to fraud with intent to evade tax, the statutory penalty of 50 percent should be assessed. In view of our finding that the deduction was proper, the determination of fraud necessarily falls, and the penalty may not be assessed.
4. The remaining items have been amicably adjusted by stipulation and do not require decision.
Reviewed by the Board.

Judgment will be entered under Bule 50.

 SEC. 112. RECOGNITION OP GAIN OR LOSS.
(a) Gbotbal Rule. — Upon the sale or exchange of property the entire amount of the gain or loss, determined under section 111, shall be recognized, except as hereinafter provided in this section.
[[Image here]]