## ESPERSON v. COMMISSIONER OF INTERNAL REVENUE (three cases). *

### Nos. 5746–5748.

Circuit Court of Appeals, Fifth Circuit.

April 25, 1931.

*Rehearing denied June 11, 1931.

260

See, also, Blair v. Stewart, 49 F.(2d) 257.

B. F. Louis, of Houston, Tex. (Murray G. Smyth, of Houston, Tex., on the brief), for petitioner.

G. A. Youngquist, Asst. Atty. Gen., Sewall Key and A. H. Conner, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau Internal Revenue, and Prew Savoy, Sp. Atty., Bureau Internal Revenue, both of Washington, D. C. (M. M. Mahany, Sp. Atty., Bureau Internal Revenue, of Washington, D. C., on the brief), for respondent.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

These petitions for review present the question whether Niels Esperson in October, 1921, made bona fide sales of 8,100 shares of stock which in October, 1921, formed part of the community property of himself and his wife.

Esperson died in 1922, and his widow, now Mrs. Stewart, was appointed executrix of his estate. The Board of Tax Appeals held that the stock had not been actually sold, and consistently with that conclusion refused to allow deductions for losses sustained on account of purported sales thereof from the income for 1921 of petitioner individually and as executrix of Esperson's estate, and included half of the value of that stock in arriving at the taxes upon Esperson's estate. It also held that the collection of the estate tax was not barred by the statute of limitations. 11 B. T. A. 1283; 13 B. T. A. 596; 13 B. T. A. 616.

In October, 1921, Esperson, for the admitted purpose of taking a loss, simultaneously sold and bought through a broker on the New York Stock Exchange 8,100 shares of stock of the Invincible Oil Corporation. The purchases were made in the names of Esperson's private secretary and brother-in-law, but were financed by Esperson, who immediately took the new stock into his possession. The evidence is set out at length in the above-cited opinions of the Board, and abundantly sustains its conclusion that throughout it was Esperson's intention to keep the same number of shares of stock after the sales were completed that he had before any sales were made. Each share of the stock was of equal value; one was as good as another. It may be assumed that an owner of stock would sustain a deductible loss by selling it and later buying back an equal amount, but no real sale is made where by one and the same transaction the same number of shares are both bought and sold at the same time and at the same price.

After Esperson's death, George B. Newton, who represented the executrix of the estate, by letter requested the Commissioner to make immediate audit of the amounts due for income taxes in order that the estate tax could be definitely determined. The Commissioner replied in a letter which stated that immediate consideration of the request would be given "under provisions of section 250(d) of the Revenue Act of 1921 (42 Stat. 265), and the determination of the tax liability will be made as soon as possible." Section 250(d) referred to provides: "That in the case of income received during the lifetime of a decedent, all taxes due thereon shall be determined and assessed by the Commissioner within one year after written request therefor by the executor, administrator, or other fiduciary representing the estate of such decedent." There was nothing in Newton's letter to indicate either that he was a "fiduciary representing the estate," or that his request for information was intended to be such a written request as would start the running of the one-year statute of limitations. Nor was the Commissioner put on notice that the request was being preferred by one who had authority to make it on behalf of the estate. It was therefore not a sufficient compliance with the statute. Lucas v. Pilliod Lumber Co., 281 U. S. 245, 50 S. Ct. 297, 74 L. Ed. 829, 67 A. L. R. 1350. The government is not estopped by the reply letter of the Commissioner to insist upon the written request required by the statute. Lee Wilson & Co. v. United States, 245 U. S. 24, 38 S. Ct. 21, 62 L. Ed. 128.

The petitions for review are and each of them is denied.