FRANK B. GUMMEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 61056. Promulgated August 29, 1932.

*E. Stanley Richardson, Esq.*, for the petitioner.
*Frank A. Surine, Esq.*, for the respondent.

OPINION.

ARUNDELL: The respondent has redetermined a deficiency of $1,313.10 in income tax against petitioner for 1929.

From the stipulation of facts filed by the parties it appears that in 1929 petitioner was married and living with his wife. At various times during the taxable year each purchased and sold through brokers on the stock exchange shares of stock of corporations, the sales occurring within thirty days before or after the purchase by the other of stock of the same corporation. They kept separate accounts with their brokers, for which separate funds of each were used.

In the joint return filed by petitioner and his wife for 1929, a deduction of $2,624 was claimed for a loss on the sale of certain stock by petitioner, and deductions amounting to $8,624.44 were taken for losses on sales of stock made by his wife. The tax under the return was computed on the aggregate income. The tax, so computed, was paid by the petitioner.

In his audit of the joint return the respondent disallowed the claimed stock losses of $11,248.44, on the theory that the purchases and sales should be regarded as though they were made by one individual and as purchases of stock were made within thirty days before

or after sales of like stock, the statute precluded allowance of the deductions.

The issue has been stipulated to be whether where within thirty days before or after the date of sale by a husband or wife filing a joint return, the other buys shares of stock of the same corporation, the provisions of section 118 of the Revenue Act of 1928 are against the allowance of losses sustained upon the sales. The amount of the losses is not in dispute, and the issue as framed removes any question about the bona fides of the transaction.

The respondent advances the theory that, having elected to file a joint return, for the purpose of applying the provisions of section 118 of the 1928 Act, the petitioner and his wife became a single taxing entity, and as such, " the taxpayer." We do not so interpret the statute.

Where husband and wife exercise the statutory right to file a single joint return, " the tax shall be computed on the aggregate income." Sec. 51 (b), 1928 Act. The statute provides for the allowance of losses sustained by individuals. Sec. 23 (e). Section 118 of the same statute provides against the allowance of stock losses " where it appears that within thirty days before or after the date of such sale or other disposition the taxpayer has acquired  *  *  *  substantially identical property." The term " taxpayer " means any person subject to a tax imposed by the act, and the term " person " includes an individual. Sec. 701 (a) (13) and (a) (1).

There is nothing in section 118 of the 1928 Act to the effect that the transactions of husband and wife who file a single joint return should be regarded as the dealings of the reporting spouse in the application of its provisions. Where a husband and wife exercise the statutory right to file a single joint return gross income and deductions are listed as though they belonged to the one making the return, but in reality they represent the combined receipts and deductions of each. To reach the aggregate net income, on which the tax is computed, consideration must be given to the transactions of each. In no other way can the combined taxable income be determined. The respondent has recognized this condition by the promulgation of regulations under section 51 of the 1928 Act providing that where husband and wife file a single joint return " all deductions to which either is entitled shall be taken from such aggregate income." A like regulation was in force under prior acts containing provisions similar to section 118 of the 1928 Act. Art. 401, Regulations 62, 65, and 69.

If the theory being advanced by the respondent here were carried out to its logical conclusion, a loss sustained by a husband or wife in a transaction between them would not be deductible under the

statute on the ground that a person can not enter into a transaction with himself. A loss sustained by the husband in a transaction with his wife has been allowed as a deduction from gross income reported in their single joint return. *Fleitmann et al.*, 22 B. T. A. 1291. The acquiescence of the respondent in the decision is shown in C. B. X–2, 214.

Had the petitioner and his wife filed separate returns, there would be no question about the deductibility of the losses sustained by each. In filing a single joint return they lost none of such rights; each remained an individual, and as such, a taxpayer, within the meaning of section 118 of the statute.

The respondent erred in disallowing the deductions.

*Decision will be entered under Rule 50.*