*141 OPINION.
Aeundell :
At the time the sales of securities took place both petitioner and his wife were taxpayers within the meaning of the Revenue Act of 1928. Each had bought securities at a price and each had sold these securities for a price less than what they had paid for them. Under such circumstances each sustained a loss which section 23 (e) permits to be deducted in determining their net income for the purpose of taxation.
But respondent contends that by reason of electing to report their income for 1929 in a joint return, a privilege which the statute grants to married persons, petitioner and his wife must, for all purposes of the revenue act, be treated as one. In Frank B. Gummey, 26 B.T.A. 894, we held against the respondent’s contention. While there may be some logic in his view, we find no authority for it in the revenue acts, and it is a cardinal rule of construction of taxing statutes that there can be no tax imposed by implication or construction, and in case of doubt or ambiguity, either as to the fact of the imposition or as to the amount thereof, it must be resolved in favor of the taxpayer. Gould v. Gould, 245 U.S. 151; Crooks v. Harrelson, 282 U.S. 55.
Sections 11 and 12 of the Revenue Act of 1928, the imposing provisions of the statute, impose a tax upon the taxable income of each individual. Each is defined as a taxpayer and the fact that the Congress, having regard to the marital status and in order to eliminate a large number of returns, sees fit to permit the inclusion in the one return of the income of husband and wife, does not serve to deny to these individual taxpayers the other benefits of the taxing statutes. No authority has been pointed out to us that a husband and wife are to be denied deductions for losses sustained by them because they see fit to jointly return their taxable income. Hoeper v. Tax Commissioner of Wisconsin, 284 U.S. 206, would seem to be authority for the proposition that Congress could not forcibly require a husband and *142 wife to jointly return tbeir income, and while the Federal taxing acts have never pretended to do so, but have only permitted married people to file joint returns, we feel that this privilege is not bought by the sacrifice of their other rights under the statutes. Nor are we impressed with the argument of respondent that, if the view here announced is to prevail, then the deduction of each spouse is to be limited to the gross income of each. To accept this view we must deny 20 years of history in the administration of the income tax laws. “A page of history is worth a volume of logic.” New York Trust Co. v. Eisner, 256 U.S. 345, 349. The acceptance of the privilege of filing a joint return by a married couple carries with it no denial of their individual’ rights under the statute. Congress has exacted no penalty for the privilege it has granted and the Commissioner may not exact one.
Counsel for the respondent makes some contention as to the bona tides of the sales. The evidence settles this beyond possibility of question. Orders were given to and executed by an established brokerage house with membership on the New York Stock Exchange. Upon execution of the orders the separate accounts of petitioner and his wife were appropriately debited and credited and each was furnished the usual broker’s memorandum showing execution. The wife had not only a separate account with the broker, but a separate estate amply sufficient to meet her obligation. In this respect the facts are different from those in W. E. Brochon, 30 B.T.A. 404, where the wife had no brokerage account and no funds and it was necessary for the husband to guarantee her account for the purchase of a block of stock like that which he ordered sold. The sales here were actual, completed transactions, and under the holding in Frank B. Qwmmiey, supra, the loss sustained may be deducted on the joint return. See also Joseph E. Uihlein, 30 B.T.A. 399.

Decision will be entered under Rule 50.