ATKINS v. COMMISSIONER OF INTERNAL REVENUE.

No. 7442.

Circuit Court of Appeals, Fifth Circuit.

March 27, 1935.

W. S. Wilkinson and Elmo P. Lee, both of Shreveport, La., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., Sewall Key, J. Louis Monarch, and John MacC. Hudson, Sp. Assts. to Atty. Gen., and Robert H. Jackson, Asst. Gen. Counsel, Bureau of Internal Revenue, and John H. Pigg, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

The question presented by this petition for review is whether J. B. Atkins made bona fide sales of 49,342 shares of corporate stock. The Board of Tax Appeals held that the sales were fictitious, and therefore refused to allow any deduction for losses claimed on account thereof in the computation of income taxes. 28 B. T. A. 500.

In May, 1923, Atkins and D. H. Gray were living in Shreveport, La. The former was president and the latter an employee of the Shreveport Producing & Refining Corporation. On the 3d of that month Atkins deposited with a bank in Shreveport certificates for 26,000 shares of the Shreveport Corporation's stock, with draft attached for $32,500; and on the 15th deposited certificates for 23,342 shares of the same stock, with draft attached on the same brokers for $29,177.50. On the 12th the bank delivered to Gray the first block, and on the 23d the second block, of stock in return for his drafts for $32,760 and $29,410.92, respectively, or at an advance of 1 cent a share. Gray's drafts corresponded exactly in amount with checks he received from Atkins, and with two 90-day notes he gave payable to Atkins. New stock was issued to Gray and taken by Atkins as security for payment of the notes. The notes were not paid at maturity, but were canceled by Atkins, who accepted the pledged stock in settlement. Gray had no money of his own

388

with which to buy stock, and admitted that whether he placed orders for stock was "a detail which I do not recall." A significant circumstance is that the first note was charged to him on Atkins' books as of April 23, some three weeks before the first stock transaction. Although the notes bore interest, none was paid.

Plainly, Gray was only a dummy in the stock transaction. The whole thing from beginning to end was a device to avoid the payment of income taxes. There was abundant evidence to sustain the finding of the Board that there was no bona fide sale by Atkins of the stock. This case differs only in its details and not at all in intent or purpose from Esperson's Case (Esperson v. Commissioner of Int. Revenue) 49 F.(2d) 259 (C. C. A.)

The petition for review is denied.