## HILL v. UNITED STATES.
### No. 42695.

Court of Claims.
Dec. 2, 1935.

800

Warren W. Grimes, of Washington, D. C. (H. B. McCawley, of Washington, D. C., on the briefs), for plaintiff.

J. W. Blalock, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

■ The only question involved in the case is whether a certain transfer of securities made by the plaintiff to his wife was made in good faith and was a bona fide sale. The Commissioner of this court appointed to hear the evidence found that at the time of the transfer there was no agreement or understanding as to the repurchase of the securities by plaintiff from his wife. After carefully reviewing the evidence, we have adopted this finding. The evidence shows that the purpose of plaintiff in making the sale to his wife was to establish a loss and thereby reduce his income tax, and it may be he had in mind that if it should subsequently be to his advantage to repurchase the stock, he would do so. About six months after the sale to his wife plaintiff repurchased the greater portion of the stock he had sold to her, she having in the meantime sold part of it. The law expressly permits a repurchase after thirty days where a bona fide sale is made and there is nothing to show any agreement or understanding on the part of the seller to repurchase the stock. Where the sale is complete and final with no understanding for a repurchase, the loss is deductible. Rand v. Helvering (C.C.A.) 77 F.(2d) 450.

■ A further defense is set up on behalf of defendant that plaintiff and his wife filed a joint return, and, having filed a joint return, they become a single taxing unit, and a loss sustained by the husband on the sale of stock to his wife, or vice versa, may not be taken as a deduction in the joint income tax return. The Board of Tax Appeals has held to the contrary in several decisions, and we find nothing in the statutes to support the contention of defendant. We think it clear that the husband is entitled to a deduction for a loss of this nature the same as would be allowed for any other loss which the statute has made deductible.

It follows that plaintiff is entitled to recover, but entry of judgment will be withheld in order to permit the plaintiff and defendant to file a stipulation as to the amount of recovery and the date or dates from which it will draw interest in accordance with this opinion. In case the parties are unable to agree, the court will make the computation.

BOOTH, Chief Justice, and WILLIAMS and LITTLETON, Judges, concur.

WHALEY, Judge, dissents.