COMMISSIONER OF INTERNAL REVENUE v. BRUMDER.

SAME v. ELSER.

SAME v. UIHLEIN.

Nos. 5419–5421.

Circuit Court of Appeals, Seventh Circuit.

May 13, 1936.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and J. P. Jackson, Sp. Assts. to Atty. Gen., for petitioner.

Ward Loveless, of Washington, D. C., and A. C. Backus, of Milwaukee, Wis. (Frederick O. Graves and Miller & Chevalier, all of Washington, D. C., of counsel), for respondents.

Before EVANS and ALSCHULER, Circuit Judges, and BRIGGLE, · District Judge.

ALSCHULER, Circuit Judge.

These appeals involve alleged deficiencies in federal income taxes for the calendar year 1925. The facts in all of them are, in essence, identical. The sole question presented on each of the appeals, as stated in petitioner's briefs, is:

"Where property is sold by one spouse to another, is the difference between the cost of the property and the amount received from the alleged sale deductible as a loss on a joint return filed by husband and wife?"

The Commissioner of Internal Revenue · held that loss on such a transaction was not so deductible. The Board of Appeals held it was and directed redetermination accordingly. The Commissioner appeals.

Section 223 (b) of the Revenue Act of 1926, 44 Stat. 37, which is here applicable, gives husband and wife the option of making separate or a joint return for their income tax. Section 214 (a) (5) of same act, 44 Stat. 26, provides expressly for the deduction of losses. The Act of 1926 contained no express provision forbidding deduction of losses accruing in transactions between husband and wife. Not until the adoption of the Act of 1934 were losses resulting from transactions between certain relatives, including husband and wife, expressly forbidden to be deducted (section 24 (a) (6), 26 U.S.C. § 24 (a)

(6), 26 U.S.C.A. § 24 (a) (6) ), and this regardless of whether in case of husband and wife the return was joint or several.

Petitioner relies, with evident confidence, upon the analogy between joint returns of husband and wife and consolidated returns of affiliated corporations, as to which the case of Old Mission Co. v. Helvering, 293 U.S. 289, 55 S.Ct. 158, 79 L. Ed. 367, holds that in such corporate returns losses accruing upon intercorporate dealings are in general not deductible.

Under the applicable statutes, a consolidated corporate return may be made only where one of the corporations owns, or controls, practically the entire voting stock of the affiliates. The details of the required control have varied somewhat in different acts, but the extent of it is in most, if not all of them, 95 per cent. of the whole. The theory of the holding in the Old Mission Company case was that though the corporations are separate legal entities, the actual ownership or control is, as a practical matter, in one of them, and the dealings between the entities are, in essence, dealings of the corporation with itself, and, therefore, such dealings may not be made the subject of a deductible loss. This consideration, rather than the fact that consolidated return was made, was the controlling factor.

The corporate situation is wholly different from that of husband and wife, in which the element of ownership or control of one over the other does not enter. In most of the states husband and wife are as free to deal with each other as they are to deal with third persons. This is particularly true in the state of Wisconsin, where these taxpayers reside, and where there has long been in force a statute distinctly according to conveyances and transfers between husband and wife the same validity as between other persons. Wis.Stat. 1925, § 246.03. See, also, Bradley v. Selden, 201 Wis. 61, 228 N.W. 494.

Dealing with a similar Married Women's Act, the Court of Appeals of the First Circuit, in construing the Revenue Act of 1926, held that losses accruing from interspouse transactions are deductible. Commissioner v. Hale, 67 F.(2d) 561. The returns there under scrutiny were several, but we perceive no logical reason why, in the absence of statutory inhibition, the deductibility of the loss should on interspouse transactions depend in any degree upon the form of the income tax return—whether several or joint.

While such transactions will be narrowly scrutinized for any manifestation of bad faith therein, there is here no question raised of impropriety in these transfers of stock.

We refer with approval to the opinion of the Board of Tax Appeals herein in the Uihlein case. 30 B.T.A. 399. It appears also that the Board later decided to same effect in Speer v. Commissioner (unreported). Its opinion, filed November 3, 1934, with amendment November 19, 1934, made reference to the B.T.A. report of the Uihlein case, and upon appeal of the Commissioner to the Circuit Court of Appeals of the Second Circuit the judgment was affirmed without opinion. 80 F.(2d) 1008. A similar result was reached in Hill v. United States (Ct.Cl.) 12 F.Supp. 798.

As to each of these appeals the judgment of the Board of Tax Appeals is affirmed.