## COMMISSIONER OF INTERNAL REVENUE v. THOMAS.

No. 7788.

Circuit Court of Appeals, Fifth Circuit.

July 9, 1936.

J. P. Jackson and Sewall Key, Sp. Assts. to Atty. Gen., Robert H. Jackson, Asst. Atty. Gen., and Hartford Allen, Sp. Atty., Bureau óf Internal Revenue, of Washington, D. C., for petitioner.

Walter E. Barton, of Washington, D. C., for respondent.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

Respondent, Pat Morgan Thomas, a resident of Texas, filed a joint return for himself and wife for income taxes for the year 1930, showing a net loss of $4,-441.10, and no taxable income. The Commissioner disallowed the loss claimed and determined a deficiency of $1,721.71 in taxes. The Board of Tax Appeals decided there was no deficiency. This appeal followed.

The loss was claimed as resulting from the sale of 200 shares of stock of the Central Chevrolet Company of Houston, maċ to respondent's wife on October 26, 1930, for which she paid in cash from her separate estate. Before the Board, respondent abandoned his claim for the entire loss and reduced it to his one-half interest in the community. The Commissioner challenged the bona fides of the sale before the Board, but now concedes that he is bound by their adverse decision on the facts and urges only an error of law, to wit, that the Board should have held that on a joint return interspouse transactions must be disregarded in determining taxable income.

Section 51 Revenue Act of 1928 (c. 852, 45 Stat. 791, 807, 26 U.S.C.A. § 51 and note), which governs, is as follows:

"§ 51. *Individual Returns* * * *

"(b) Husband and wife. If a husband and wife living together have an aggre-gate net income for the taxable year of $3,500 or over, or an aggregate gross income for such year of $5,000 or over—

"(1) Each shall make such a return, or

"(2) The income of each shall be included in a single joint return, in which case the tax shall be computed on the aggregate income."

There is no Treasury Regulation interpreting section 51, but it is argued that sections 141, 142 of the act (45 Stat. 831, 832), providing for consolidated returns of affiliated corporations, and the regulations and decisions applicable to those sections should be applied by analogy. On this it is contended that the husband and wife filing the joint return constituted a single tax computing unit, which still owns the stock sold by the husband to his wife and has sustained no loss. III-I Cumulative Bulletin 149, Art. 147, sustains this conclusion, but the Commissioner cites no other authorities in point.

We do not agree with the contention of the Commissioner. Section 51, supra, is clearly intended by Congress to be in favor of the taxpayer. Therefore, it should be liberally construed to effectuate that intention. As applied to this case, the plain, common sense meaning of the provision "the tax shall be computed on the aggregate income" is that the income of the spouses is to be added together and losses sustained by either or both of them are to be deducted from that aggregate in determining the net taxable income. Thomas had no interest whatever in the separate estate of his wife. By selling the stock to her, it became part of her separate estate and his ownership in it passed out of him entirely, the same as if it had been sold to a third person. If she should hereafter derive a profit from its sale, that would inure solely to her benefit. The provisions of the law as to consolidated returns of corporations have no application. Gummey v. Commissioner, 26 B.T.A. 894; Commissioner v. Brumder, 82 F.(2d) 944 (C.C.A.7th Circuit) decided April session, 1936. We concur in the decision of the Board.

The record presents no reversible error. The petition is denied and the judgment of the Board is affirmed.