### COMMISSIONER OF INTERNAL REVENUE v. BEHAN (two cases).
### Nos. 18, 19.

Circuit Court of Appeals, Second Circuit.
June 14, 1937.

James W. Morris, Asst. Atty. Gen., and Sewall Key, Norman D. Keller, and Louise Foster, Sp. Assts. to Atty. Gen., for petitioner.

Squire, Saunders & Dempsey, of Cleveland, Ohio (Sterling Newell, Clan Crawford, Paul L. Holden, and Edmund Durkin, Jr., all of Cleveland, Ohio, of counsel), for respondents.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

These two petitions for the review of decisions by the Board of Tax Appeals were argued together as they raise the same questions and may be considered in one opinion. They both concern deficiencies in income taxes for the calendar year 1931 which were determined by the Commissioner and disallowed upon review by the Board.

The essential facts were stipulated before the Board, and are that the respondents during the taxable period involved were husband and wife, each owning a separate estate of substantial proportions, consisting in part of stocks and bonds; each keeping separate financial accounts; making separate sales and purchases; having separate places of deposit for the safe keeping of securities; and separate bank accounts. They filed separate tax returns in which each deducted losses claimed to have been sustained during the taxable year from the sales of securities at prices less than cost. The allowance of such deductions by the Board is challenged now by the Commissioner.

The losses claimed by both respondents were realized by making sales of securities through a broker on the market on which transactions taxes and commissions were paid. It is clear in each instance that the seller parted finally with all title and right of every kind in and to the securities sold in return for the sales price and that none of them were repurchased by the seller. To this extent, of course, the seller each time followed a usual procedure in making absolute bona fide sales of such property which would serve to fix any losses so that they would be realized and so deductible from gross income under section 23, subd. (e) (1, 2), 26 U.S.C.A. § 23 note, of the Revenue Act of 1928, as the respondents both claim.

What the Commissioner insists makes the above statute inapplicable is his contention that the so-called sales were sales only in form while in fact the securities were transferred as gifts due to the following undisputed circumstances:

Whenever either the husband or the wife sold securities through the broker, the other on the same day placed an order, usually though not always, with the same broker for the purchase of a like amount of securities at the market price. Sometimes the only difference between the sale price and the purchase price was the amount of commission and tax, though at times the price per unit changed between the time of sale and that of purchase. Whenever stocks were thus purchased, they were represented by certificates other than those sold and all bonds so sold and purchased were of different serial numbers, except one bond of the Binghampton County Club, which the husband sold and the wife purchased. When sales were made, the broker delivered the proceeds to the seller, who transferred them, and sometimes more, to the husband if the wife sold or to the wife if the husband sold. These funds were so made available for use in payment for the purchases which invariably followed the sales.

The Commissioner has argued that the Board overlooked one transaction whereby the husband transferred 40 shares of the capital stock of the First National Bank of Binghampton directly to his wife and deducted a claimed loss of $3,375, saying in its brief that "the Board made no ref-

erence to this transaction." This was undoubtedly a gift and would not support the deduction, but it was in fact referred to in the Board's opinion, where it is stated that the taxpayer "now concedes that he is not entitled to deduct $3,375.00 claimed as a loss upon the disposition of 40 shares of capital stock of the First National Bank of Binghampton." This was apparently overlooked, however, when the Board disallowed the deficiency in toto.

But as to the transactions about which there is a controversy the Board, we think, was right. All of the stocks and bonds were sold on and at the market in the customary manner in which absolute bona fide sales of such property are made and, as the Board has, on substantial evidence, found the character of all the sales to have been such as to deprive the seller of all further title to and control over the property, we are to accept that as correct. Helvering v. Rankin, 295 U.S. 123, 55 S.Ct. 732, 79 L.Ed. 1343; Andrews v. Commissioner of Internal Revenue, 38 F.(2d) 55 (C.C.A.2); Phillips v. Commissioner, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289; Fulton Oil Company v. Commissioner (C.C.A.) 81 F.(2d) 330.

What makes weight in favor of the Commissioner's contention that gifts were the only results of the transactions are such inferences as might be drawn from the fact that the respondents were married and, because of that relationship and the fact that each helped the other finance purchases, the financial well being of one might inure to the benefit of the other. Yet it was shown that each was financially able to buy and pay for all purchases made, leaving their mutual financial assistance but a convenience, not a necessity without which the purchases were impossible. Then, too, it is difficult to visualize a gift where the subject matter is never transferred in some way to the donee or for the donee's benefit but is, on the contrary, sold on the market for its fair market value. Besides, there is the further difficulty that here the so-called donee actually paid the fair market price for all of the property now claimed to have been acquired by gift. To be sure, it may with reason be said that the seller gave away the proceeds of the sales but that in no way affected the scope or finality of the severance of property rights which resulted from those sales. Likewise it may be taken for granted that these purchases would not have followed

the sales as they did but for an understanding between the husband and wife that what the one sold the other would buy. Yet, as that understanding stopped short of depriving the purchaser of the securities sold by either of any of the attributes of absolute ownership and complete control, the seller was in each instance divested of all property rights in return for the proceeds of the sale. No more than that is required to make certain the amount which is all that can ever be realized by the taxpayer from the property and, when that is established by a real sale, a loss is realized within the deduction statute if that amount is less than cost.

Provided an actual sale does take place which takes the property entirely out of the reach of the seller, it cannot matter whether the purchaser is one or another. Chisholm v. Commissioner (C.C.A.) 79 F.(2d) 14, 101 A.L.R. 200. Where a married woman may hold a separate estate, she may be a purchaser from her husband for fair value, Commissioner v. Hale (C.C.A.) 67 F.(2d) 561, though here that was not the case except as to one bond already mentioned.

Nor can either of these sellers be justly condemned because they acted lawfully to take advantage of the privilege of deducting sustained losses. Presumably the law which gives the right is sufficient justification for the exercise of the right. Moreover, no one now can say with assurance that the government will eventually receive less in taxation because of these sales. They created a new basis for the property in the hands of new owners.

The cases relied on by the Commissioner are all distinguishable, in that they dealt with dispositions of property not legally the equivalent of absolute unrestricted sales, but left the seller in a position of control through some exercise of right in one way or another. The ability to take advantage of such control in spite of the ostensible sales prevented the realization of deductible losses. As examples, see Commissioner v. Dyer, 74 F.(2d) 685 (C.C.A.2); Atkins v. Commissioner (C.C.A.) 76 F.(2d) 387; Esperson v. Commissioner (C.C.A.) 49 F.(2d) 259; Slayton v. Commissioner (C.C.A.) 76 F.(2d) 497; Shoenberg v. Commissioner (C.C.A.) 77 F.(2d) 446.

Decisions affirmed, provided the parties in Commissioner v. Thomas W. Behan

stipulate to reinstate the deficiency to the extent that would be required by a disallowance of the deduction of $3,375. Otherwise that decision is reversed and remanded for a redetermination of the deficiency.