**NILES et al. v. MILBOURNE.**

No. 6150.

District Court, D. Maryland.

March 22, 1938.

Niles, Barton, Morrow & Yost, and Emory H. Niles, all of Baltimore, Md., for plaintiffs.

Mills Kitchin, Sp. Asst. to the Atty. Gen., and Bernard J. Flynn, U. S. Atty., and G. Randolph Aiken, Asst. U. S. Atty., both of Baltimore, Md., for defendant.

WILLIAM C. COLEMAN, District Judge.

This is a suit for the refund of income taxes. The material facts, briefly summarized, appear to be that in the month of December, 1932, the taxpayer caused to be sold, through local brokers, certain securities, at a price which resulted in a substantial loss as compared with the price which he had paid for these same securities in prior years. At the same time that the sale of these securities was consummated through the brokers, the taxpayer's wife bought, through the same brokers, securities of like kind and amount, with the result that the two transactions showed the same amount received, in the one case by the husband, and paid, in the other case, by the wife, save for such differences as resulted from brokerage charges.

It is not in evidence just who signed the check with which the stock purchased by the wife was paid for; but it is stipulated that this check was drawn on a joint account of the husband and wife, on or about January 4, 1933, and that the proceeds from the sale of the securities, as above explained, made by the husband, was deposited by the husband in this same account, on or about January 5, 1933.

The two primary questions presented for determination are these: First, was this transaction a sale resulting in a loss, which, within the meaning of the applicable internal revenue statute, was deductible as a loss from the gross income of the taxpayer for the year 1932; and, second, since the check in payment for the stock was not drawn on the joint bank account until January 4, 1933, and the proceeds from the sale of the stock were not received until January 4, 1933, was this a completed transaction in the year 1932 or in 1933, in view of the stipulated fact that the taxpayer reported his income tax affairs on a cash receipts and disbursements basis?

The statute involved is section 23(e) of the Revenue Act of 1932, 26 United States Code, § 23(e) (2), 26 U.S.C.A. § 23 (e) (2) and note. It provides: "In computing net income there shall be allowed as deductions: * * * Losses by individuals. In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise— * * * (2) if incurred in any transaction entered into for profit, though not connected with the trade or business."

None of the cases which have been cited present facts sufficiently analogous to those here presented to make such cases directly applicable. Nor is there any Treasury Regulation purporting to control the present case.

We place particular emphasis upon the fact that the husband and wife in the present case filed a joint return, and that they saw fit to deal in the securities in question; that is to say, to sell them, and to repurchase them, by means of their joint bank account. These two facts, in the light of all of the other circumstances, require a finding that the taxpayer's contention cannot prevail. Of course, there might be a situation where one or the other spouse could lawfully reflect, in his or her income tax return, a loss accruing to him or to her; and the fact that they used a joint return would not, in the appropriate case, prevent the deduction of such loss in such return. But such is not the situation in the present case. Here is an attempt to use funds under joint control in a way which, regardless of the good intentions of the taxpayer, nevertheless, goes counter to the provisions of the law and the proper interpretation of it, because the husband sold the stocks and repurchased them with his own money.

The cases that have been urged upon the court in support of the taxpayer's contention are not really analogous. In the one with facts most similar, Dennett v. Com. Case, 30 B.T.A. 49, there was neither a joint return, nor was the joint account apparently the same sort of account that we now have before us. But even assuming that the account was the same, if that case is to be taken as authority for a holding contrary to the one here adopted, it contains no language persuasive enough to satisfy us that we are in error.

The court decisions to which reference has been made, the facts in which are the more closely akin to the facts here, are those in Commissioner v. Thomas, 84 F. 2d 562, a decision of the Circuit Court of Appeals of the Fifth Circuit, rendered in 1936; and in Commissioner v. Behan, 90 F.2d 609, a decision of the Circuit Court of Appeals of the Second Circuit, rendered in 1937. The first merely decided that where a husband sold shares of stock to a wife, who paid therefor in cash out of her own separate, individual account, the

938

loss sustained by the husband was a deductible one on a joint income tax return filed by the husband and wife, since under the applicable statute, Revenue Act of 1928, § 51(b) (1, 2), 26 U.S.C.A. § 51 and note, income of spouses must be added together, and losses sustained by either or both must be deducted from the aggregate in determining net taxable income. The court in that case said (84 F.2d 562, at page 563): "Thomas had no interest whatever in the separate estate of his wife. By selling the stock to her, it became part of her separate estate and his ownership in it passed out of him entirely, the same as if it had been sold to a third person. If she should hereafter derive a profit from its sale, that would inure solely to her benefit."

Likewise, in Commissioner v. Behan, supra, the facts are distinguishable from those in the present case. There, a husband and wife, owning separate estates of substantial proportions, each sold securities on the market through the same broker. They each kept separate financial accounts, made separate sales and purchases, had separate places of deposit for the safekeeping of securities and separate bank accounts, and filed separate tax returns, in which each deducted losses claimed to, have been sustained during the taxable year from the sales of their separately owned securities. The court held that the fact that when one of them made a sale the other usually placed an order for purchase of a like amount of the same securities, at the market price, and thus obtained the securities sold by the other, did not render losses sustained from such sales nondeductible in computing income tax, on the theory that the transactions were mere transfers of securities, as gifts, under the Revenue Act of 1928, § 23(e) (1, 2), 26 U.S.C.A. § 23 note.

The primary contention of the plaintiff is that this court should liken the present facts to the facts in those cases, particularly in the last case referred to, the Behan Case, because the wife in the present case had the ability, if not to purchase the stock in question entirely with separate funds of her own at the time, then to purchase them on her own credit. But she did not do so. While there is language in some of the cases, particularly in decisions of the Board of Tax Appeals, which, when read separately, would seem to indicate that the test is whether the wife could have otherwise,

and independently of her husband, financed the purchases in question, this is not believed to be the proper test. The question is to be answered by the character of the funds or account with which the stock transactions were made, and by what really happened to the stock. Tested by that rule, it is perfectly clear that the contention of the government, that the taxpayer here was only dealing with himself and had no deductible loss, must be sustained.

In view of the position which we take, it becomes unnecessary to decide the second question; namely, When did the transaction actually occur, in the taxable year 1932, or later, in the year 1933?

All of the prayers submitted both by the plaintiff and by the government will be refused, because, to the extent they are believed to be correct and necessary to the decision, they have been embodied in this opinion, pursuant to which the verdict must be for the government.