**PIERCE et ux. v. COMMISSIONER OF INTERNAL REVENUE.**

**No. 30.**

Circuit Court of Appeals, Second Circuit.

Dec. 12, 1938.

L. HAND, Circuit Judge, dissenting.

For opinion below see 37 B.T.A. 225.

Jacob Mertens, Jr., of New York City (Bernhard Knollenberg and Davies, Auerbach & Cornell, all of New York City, of counsel), for petitioners.

James W. Morris, Asst. Atty. Gen., and Sewall Key and Helen R. Carloss, Sp. Assts. to Atty. Gen., for respondent.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

The petitioners, husband and wife, elected to file a single joint return for the year 1933, as they were privileged to do by virtue of section 51(b) of the Revenue Act of 1932, 47 Stat. 188, 26 U.S.C.A. § 51(b). Mr. Pierce realized a profit of nearly $55,-000 from the sale during 1933 of securities which were not "capital assets" as defined in section 101, 47 Stat. 191, 192, 26 U.S.C. A. § 101 note; that is to say, the securities so sold had not been held by him for more than two years. During the same year Mrs. Pierce sustained a loss of $3,646.78 in selling securities which she had not held for more than two years. In their joint re-

turn Mrs. Pierce's loss was deducted from her husband's profit. The commissioner's disallowance of the deduction resulted in a deficiency tax which the Board has confirmed. The question presented is whether, in a joint return of husband and wife, losses sustained by one spouse from the sale of securities which are not capital assets may be offset against gains realized by the other spouse from similar sales.

At least since the enactment of section 223 of the Act of 1918, 40 Stat. 1074, the revenue laws have always granted to a husband and wife who are living together the privilege of filing either separate returns or a single joint return. Regarding the latter alternative section 51(b) (2) of the Revenue Act of 1932, 47 Stat. 188, 26 U.S.C.A. § 51(b) (2), provides: "(2) The income of each shall be included in a single joint return, in which case the tax shall be computed on the aggregate income."

Although nothing is there said about deductions the Treasury Regulations have for many years contained a provision to the following effect: "* * * Where the income of each is included in a single joint return, the tax is computed on the aggregate income and all deductions or credits to which either is entitled shall be taken from such aggregate income." Reg. 77, Art. 381; Reg. 74, Art. 381; Reg. 65, Art. 401.

As long ago as 1921 it was ruled by the Solicitor of the Bureau of Internal Revenue that in cases in which the husband or wife has allowable deductions in excess of his or her gross income, such excess may, if a joint return is filed, be deducted from the net income of the other for the purpose of computing both the normal tax and the surtax. Solicitor's Opinion 90, 4 Cum.Bul. 236 (1921). Indeed, it is only when the allowable deductions of one spouse exceed his or her income, that any advantage can be derived from filing a joint return.

Most of the allowable deductions, for example, taxes, interest and ordinary losses, are not dependent upon the receipt by the taxpayer of a particular kind of income. But the 1932 Act introduced such a limitation with respect to losses sustained from the sale of securities which are not capital assets. Section 23, 47 Stat. 179, 26 U.S. C.A. § 23 provides:

"In computing net income there shall be allowed as deductions: * * *

"(e) *Losses by Individuals.*—Subject to the limitations provided in subsection

(r) of this section, in the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise * * *

"(2) if incurred in any transaction entered into for profit, though not connected with the trade or business; * * *

"(r) *Limitation on Stock Losses.*—(1) Losses from sales or exchanges of stocks and bonds (as defined in subsection (t) of this section) which are not capital assets (as defined in section 101) shall be allowed only to the extent of the gains from such sales or exchanges (including gains which may be derived by a taxpayer from the retirement of his own obligations)."

Under the limitation imposed by section 23(r) (1) it is obvious that, if separate returns had been filed, neither husband nor wife could take deduction of the loss in question. Mrs. Pierce could not deduct it from her gross income because such a loss is allowable only to the extent of her gains from sales of non-capital securities, and she had no such gains. Mr. Pierce could not deduct it from his gains from sales of non-capital securities because it was not his loss but was sustained by a different taxpayer. But the petitioners contend that when husband and wife file a joint return they become a taxable unit with the result that a loss of this character sustained by one spouse is an allowable deduction against gains of the same character received by the other. This contention cannot be sustained in view of the Treasury Regulations and judicial decisions in analogous cases. As already noted, the Regulations provide that the deductions to be taken from the aggregate income of husband and wife shall be those "to which either is entitled." Here neither was entitled to the deduction in question. Nor have the cases relating to joint returns treated the two spouses as one. Thus, it has been held that where a husband has sold property to his wife at a loss, the loss he sustained may be deducted in the joint return. Commissioner v. Thomas, 5 Cir., 84 F.2d 562; Commissioner v. Brumder, 7 Cir., 82 F.2d 944; Hill v. United States, 12 F.Supp. 798, Ct.Cl. See, also, Gummey v. Commissioner, 26 B.T.A. 894. Another analogous ruling is our own decision in Van Vleck v. Commissioner, 2 Cir., 80 F.2d 217, holding that the husband's net loss of a previous year cannot be applied against the wife's net income in a joint return. These cases contradict the petitioners' theory that husband and wife become a single taxable entity when they file a joint return; on the contrary each is treated as a separate individual who can carry deductions into the joint return only in his or her own right.

Order affirmed.

L. HAND, Circuit Judge (dissenting).

Section 51(b) (2) 26 U.S.C.A. § 51(b) (2), gives spouses the privilege of including "the income of each * * * in a single joint return", and of computing "the tax * * * on the aggregate income". The regulations—which I accept as law—add to these words that "deductions * * * to which either spouse is entitled shall be taken from the aggregate income". To find the deductions to which "either spouse" is "entitled", one must look to those allowed individuals; in the case at bar to section 23, 26 U.S.C.A. § 23. Subdivision (e) of that section allows losses like those before us to be deducted, "subject to the limitations of subdivision (r)." The Commissioner argues that that clause imposes a condition upon the privilege, as opposed to a limitation upon its amount, so that in order to learn whether a spouse is "entitled" to any deduction whatever, it is first necessary to find out whether the limitation would extinguish it if he or she filed a separate return. The taxpayer answers that § 23(e) grants the privilege, and therefore "entitles" the spouse to a deduction, and that subdivision (r) merely limits its amount when the joint net income is being computed. As a mere matter of words I can see nothing to prefer in either construction; it begs the question to say that the extent of the deduction under a separate return must be taken as a condition upon its existence. The underlying theory of the privilege itself is to me conclusive of an opposite result. When § 51(b) (2) requires the tax to be computed on the net aggregate income, it means the balance found by adding together all those items of gross income, which both spouses would be obliged to enter on both their separate returns, and subtracting all those deductions, which the statute allowed to both upon such returns. The limit fixed by subdivision (r) would normally be the aggregate of "non-capital" gains of both spouses, and to single out those of the spouse who has "non-capital" losses is to trace into the account the several sources of the "aggregate income", which is precisely what the account need not, and

should not, do. The very privilege is based upon disregarding the source; the spouses exercise it only when they can get some benefit from it; that is, when some loss of one can be set off against some gain of another. On what theory it can be held that "non-capital" gains are to be treated otherwise than other gains I cannot see. That is entirely an anomaly which must be justified and the text is barren of any justification that I can find.

As appears by the citations in my brothers' opinion, a husband has been allowed to deduct losses realized through sales to his wife, and vice versa; and he has been allowed to deduct losses in securities, though the wife buys similar securities immediately thereafter, and vice versa. It is also true that a spouse may not "carry-over" an individual loss of an earlier year into a joint return. Whether these cases are right or wrong, they do not appear to me to be in point here: they concerned other provisions, different in language from that before us. The fact that in one case there may be good excuse for making an exception to the underlying theory of the privilege, is irrelevant to the validity of another exception, based on other language. For these reasons I dissent.