## NILES et al. v. MILBOURNE.
### No. 4360.

Circuit Court of Appeals, Fourth Circuit.

Jan. 9, 1939.

Emory H. Niles and Charles E. Quandt, both of Baltimore, Md. (Charles E. Cockey, of Baltimore, Md., on the brief), for appellants.

Mills Kitchin, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., Sewall Key, J. Louis Monarch, Sp. Assts. to Atty. Gen., and Bernard J. Flynn, U. S. Atty., and G. Randolph Aiken, Asst. U. S. Atty., both of Baltimore, Md., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

NORTHCOTT, Circuit Judge.

This is an appeal from a judgment entered in the District Court of the United States for the District of Maryland in an action at law in which the appellants, Emory H. Niles and Charles E. Cockey, administrators c. t. a. of the estate of Leroy L. Andrews, were plaintiffs and the appellee, Lewis M. Milbourne, individually and as former Acting Collector of Internal Revenue for the District of Maryland, was defendant.

The object of the action, which was begun in July, 1937, was to recover income taxes paid under protest. After a hearing, a jury trial having been waived, the cause was submitted to the judge below upon stipulation of facts, with exhibits attached thereto, and the testimony of one witness introduced on behalf of the plaintiffs. At the conclusion of the hearing both the plaintiffs and the defendant prayed for directed verdicts, which prayers were refused by the court.

The judge delivered an opinion finding for the defendant (22 F.Supp. 936). On March 22, 1938, the verdict for the defendant was rendered and on March 24, 1938, judgment was entered in accordance with the verdict. From this action of the court below this appeal was brought.

Leroy L. Andrews, who died on November 12, 1933, his wife having died shortly before, was a citizen of Baltimore, Maryland, and on or about March 15, 1933, he filed a joint income tax return for the calendar year 1932, on behalf of himself and his wife, Evelyn W. Andrews, on the cash receipts and disbursements basis, showing a net income of $6,508.38. By reason of personal exemption, credits for his two infant children and dividends, no tax was shown to be due. Included in the return was an item of loss resulting from sales of real estate, stocks, bonds, etc., in the amount of $18,540.57.

■ The sales in question were made by Leroy L. Andrews through a local brokerage firm. All of the sales were made on December 22, 1932. The securities were delivered to the brokerage firm by Andrews on December 29, 1932. On the same day that these sales were made Evelyn W. Andrews, wife of Leroy L. Andrews, purchased through the same brokers similar amounts of substantially the same securities. Payment was made by the wife on January 4, 1933, for the securities purchased by her, and payment was made by the brokers to the husband on January 5, 1933, for the securities sold by him.

The check to pay for the purchase made by the wife was for $6,526.38 and was drawn on a joint bank account subject to check by either the husband or wife. There is no proof in the record as to who drew the check. On January 5, 1933, the husband received from the brokers their check for $6,430.52, being the amount paid by the wife less the brokerage commission of $95.86. The broker's check was deposited by the husband in the joint bank account on the same day. Just prior to the time the check was given, to pay for the purchase made by the wife, the balance in the joint bank account was $4,946.49, and the check given for the purchase would have overdrawn that account had not the broker's check, given to the husband, been immediately deposited on the day it was received and the day after the check to pay for the wife's purchase was given to the brokers.

The Commissioner of Internal Revenue rejected the loss claimed because of the transaction between the husband and wife and determined a deficiency against Andrews in the amount of $2,117.76 which together with interest, the total amount being $2,426.43, was paid. A claim for refund was filed and rejected.

The main question involved in this appeal is whether the transaction between the husband and wife resulted in a deductible loss in a joint income tax return filed by them.

The statute involved is Section 23 (e) of the Revenue Act of 1932, 47 Stat. 180, 26 U. S.C.A. § 23, which reads as follows:

"§ 23. In computing net income there shall be allowed as deductions: * * *

"(e) Losses by individuals. * * * In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise—

"(1) if incurred in trade or business; or

"(2) if incurred in any transaction entered into for profit, though not connected with the trade or business * * *."

The position taken on behalf of the appellants is that the sales made by the husband and the purchases made by the wife were bona fide and that the fact that the transaction was made for the purpose of reducing income taxes and the fact that the husband and wife made a joint income tax return are immaterial. It is contended on behalf of the appellee that the transaction between the husband and wife was not a bona fide sale and purchase but was in effect a gift.

We agree with the judge below that the fact that the husband and wife filed a joint income tax return and the fact that they dealt in the securities in question, by means of their joint bank account, are highly significant; that the joint bank account was not sufficient to pay for the securities purchased by the wife, until the husband deposited the brokers' check, is also indicative of the fact that the transaction was not

a bona fide sale but was in effect a gift. It is also significant that the brokers did not pay the husband until after they received the wife's check.

All the circumstances surrounding the purported sale lead us to the opinion that they were simply circuitous means employed to effectuate a gift and that they were not bona fide sales. "A given result at the end of a straight path is not made a different result because reached by following a devious path". Minnesota Tea Company v. Helvering, 302 U.S. 609, 58 S.Ct. 393, 395, 82 L.Ed. 474.

■ While it is true that taxing statutes are generally construed liberally in favor of the taxpayer, a taxpayer seeking a deduction must clearly establish his right thereto. New Colonial Ice Company v. Helvering, 292 U.S. 435, 54 S.Ct. 788, 78 L. Ed. 1348.

■ Bona fide transactions can take place between husband and wife, yet such transactions are properly subject to a close scrutiny. Such scrutiny leads us to the conclusion that the transaction here involved was not a bona fide sale.

■ A transaction does not lose its immunity, because it is actuated by a desire to avoid taxation (Helvering v. Gregory, 2 Cir., 69 F.2d 809, affirmed 293 U.S. 465, 55 S.Ct. 266, 79 L.Ed. 596, 97 A.L.R. 1355), but we are of the opinion that the transaction here, admittedly entered into for the purpose of avoiding taxation, also lacks the essential elements necessary to establish its validity as an actual sale and purchase.

It is contended on behalf of the plaintiffs that the only requirement necessary to make the transaction between the husband and wife a valid one was to show that the wife had sufficient independent means with which to pay for the securities purchased and that here the wife could have paid the purchase price by selling securities owned by her of a value of approximately $3,960 and could have drawn a check for $2,566.-38 on the joint account of herself and husband. The evidence as to the independent estate of the wife does not show that she had the means necessary to carry out a transaction of this size. Certainly she could not have done so without drawing upon the joint bank account, the origin of which is not shown.

Cases relied upon on behalf of the plaintiffs on this point show that the wife had a substantial estate sufficient to make the purchases involved and the husband had no interest whatever in the separate estate of the wife.

We agree with the conclusion of the judge below that the taxpayer here was only dealing with himself, and had no deductible loss.

In view of our conclusion as above stated it is not necessary to pass upon the contention made on behalf of the defendant that the trial court's general verdict may not be reversed where there is only one assignment of error based on the trial court's refusal to grant appellant's single general prayer for judgment.

The judgment of the court below is affirmed.

Affirmed.