SWEET et al. v. COMMISSIONER OF INTERNAL REVENUE.*

No. 3405.

Circuit Court of Appeals, First Circuit.

March 2, 1939.

Bartlett Harwood and Alexander Lincoln, both of Boston, Mass. (Herrick, Smith, Donald & Farley, of Boston, Mass., on the brief), for Sweet et al.

Warren F. Wattles, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen.,

*Writ of certiorari denied 59 S.Ct. 829, 83 L.Ed. —.

and Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for Commissioner.

Before BINGHAM and WILSON, Circuit Judges, and SWEENEY, District Judge.

BINGHAM, Circuit Judge.

This is a petition to review an order or decision of the Board of Tax Appeals of January 30, 1938, determining a deficiency tax for the year 1933 of $7,016.09 in the income tax of Alfred J. Sweet and Maude Webster Sweet, the petitioners before the Board at the time it entered its decision. Since then Mr. Sweet has died and his executor, Lyman H. Allen, has been substituted in his place.

Prior to the death of Mr. Sweet he and Maude Webster Sweet were husband and wife, citizens of the United States, residing, in the year 1933 and for some time thereafter, in Maine, where they filed a joint return of income for that year. Each of the spouses was engaged in the trade or business of buying and selling securities or commodities for his or her own account. The wife realized gains upon the sale or exchange of noncapital assets (i. e., securities held for less than two years) during the taxable year and sustained losses on like sales or exchanges. Her losses ($262,802.82) exceeded her gains ($126,191.60) upon such transactions by $136,611.22. The husband realized gains ($207,367.62) and sustained losses ($60,977.92) upon such transactions, his gains therefrom exceeding his losses by $146,389.70.

In their joint return of income the spouses deducted the excess of the wife's losses ($136,611.22) over her gains in such transactions from the gains of the husband ($146,389.70) over his losses ($60,977.92) arising out of like transactions. In auditing the return the Commissioner ruled that under Section 23(r) of the Revenue Act of 1932, 26 U.S.C.A. § 23 note, the noncapital losses of the wife in the sum of $136,611.22 upon such sales and exchanges by her were not deductible in the joint return from the net noncapital gains of her husband ($146,-389.70) upon like sales and exchanges, so that a deficiency of $70,816.09 in the tax on the joint return resulted and was assessed.

The petitioners do not question the correctness of the deficiency ($70,816.09), provided the rejection of the wife's net noncapital loss ($136,611.22), as a deduction, was correct.

The sections of Chapter 209 of the Revenue Act of 1932, here involved, are as follows:

"§ 23. Deductions from gross income.

"In computing net income there shall be allowed as deductions: * * *

"(e) *Losses by individuals.* Subject to the limitations provided in subsection (r) of this section, in the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise—* * *

"(2) if incurred in any transaction entered into for profit, though not connected with the trade or business; or * * *

"(r) *Limitation on Stock Losses.*

"(1) Losses from sales or exchanges of stocks and bonds (as defined in subsection (t) of this section) which are not capital assets (as defined in section 101) shall be allowed only to the extent of the gains from such sales or exchanges (including gains which may be derived by a taxpayer from the retirement of his own obligations).

"(2) * * *."

"§ 51. Individual returns. * * *

"(b) *Husband and wife.* If a husband and wife living together have an aggregate net income for the taxable year of $2,500 or over, or an aggregate gross income for such year of $5,000 or over—* * *

"(2) The income of each shall be included in a single joint return, in which case the tax shall be computed on the aggregate income. * * *"

"§ 101. Capital [net] gains and losses. * * *

"(c) *Definitions.* For the purposes of this title—* * *

"(8) 'Capital assets' means property held by the taxpayer for more than two years (whether or not connected with his trade or business), but does not include stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year, or property held by the taxpayer primarily for sale in the course of his trade or business. * * *" 26 U.S.C.A. §§ 23(e) (2), (r) (1) note, 51(b) (2), 101(c) (8) note.

Treasury Regulations 77, promulgated under the Revenue Act of 1932, so far as here material read:

"Art. 272. *Limitations on deductions for losses from sales and exchanges of*

*stocks and bonds.*—Section 23(r) provides that losses from sales or exchanges of stocks and bonds, as defined in section 23 (t), which are not capital assets as defined in section 101 (see article 501) are deductible only to the extent of the gains from such sales or exchanges (including gains which may be derived by a taxpayer from the retirement of his own obligations). * * * "

"Art. 381. *Individual returns.*—For each taxable year every single person and every married person not living with husband or wife for any part of the taxable year, whose gross income as defined in sections 22 and 116 is $5,000 or over, or whose net income as defined in section 21 is $1,000 or over, must make a return of income. * * * A husband and wife living together for the entire year need make no returns unless their aggregate gross income for the taxable year is at least $5,000, or their aggregate net income is at least $2,500. If their aggregate net income for the taxable year is $2,500 or more, or their aggregate gross income is $5,000 or more, either each must make a return, or the income of each must be included in a single joint return. * * * Where the income of each is included in a single joint return, the tax is computed on the aggregate income and all deductions and credits to which either is entitled shall be taken from such aggregate income. * * * "

The Board of Tax Appeals sustained the determination of the Commissioner and this petition for review was filed. In reaching its conclusion the Board said:

"The petitioners concede, as they must, that the question at issue is precisely the same as that considered in H. Denny Pierce et al., 37 B. T. A. 225, pending on review in the United States Circuit Court of Appeals for the Second Circuit, and Robert H. Montgomery et al., 37 B. T. A. 232. In both of these proceedings the Commissioner's determination was sustained, and, following that precedent, the determination here must likewise be sustained."

Thereafter, on December 12, 1938, the Court of Appeals for the Second Circuit rendered its opinion in H. Denny Pierce et al. v. Commissioner, 100 F.2d 397, and affirmed the order of the Board of Tax Appeals. We have carefully examined that opinion, in connection with the able opinion of Mr. Harron, speaking for the Board of Tax Appeals in the same case (37 B. T. A. 225), and while we are not bound to

follow it, it has been the rule in this Circuit for many years that we will do so when the question decided involves the construction of a federal statute, unless we are of the opinion that it is clearly wrong. Gottlieb v. White, 1 Cir., 69 F.2d 792, 794; Sherman & Son et al. v. Corin, 1 Cir., 73 F.2d 468, 470.

This case involves the construction of Section 23(e) (2), (r) (1), read in connection with Section 51(b) (2), for the purpose of determining whether, under a joint return, either spouse is entitled to a deduction from their aggregate income, Sec. 51(b) (2), of his or her losses from sales or exchanges of noncapital assets beyond or only to the extent of his or her individual gains from like sales or exchanges, Sec. 23(r) (2); or whether in a joint return they are entitled to pool their noncapital losses and gains and have a deduction from their aggregate income of their aggregate noncapital losses to the extent of their aggregate noncapital gains.

While the decision of the Court of Appeals for the Second Circuit may involve some doubt we do not regard it as clearly wrong and, being squarely in point, we follow it.

The order or decision of the Board of Tax Appeals is affirmed.