### JONES v. PAGE et al.*
### No. 8931.

Circuit Court of Appeals, Fifth Circuit.
March 3, 1939.

*Rehearing denied April 7, 1939.

Joseph B. Brennan, W. A. Sutherland, and E. Clem Powers, all of Atlanta, Ga., for appellant.

Mills Kitchin and Sewall Key, Sp. Assts. to Atty. Gen., Jas. W. Morris, Asst. Atty. Gen., and T. Hoyt Davis, U. S. Atty., of Macon, Ga., for appellees.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

FOSTER, Circuit Judge.

The Commissioner determined deficiencies in income taxes of appellant, Robert T. Jones, for the years 1931 and 1933, of $27,396.73 and $25,942.64 respectively. Appellant paid the taxes and brought suit against the Collector to recover. The case was tried by the judge without the intervention of a jury and resulted in a judgment for defendants.

The following material facts are not in dispute: On November 13, 1930, appellant entered into a contract with Warner Brothers, Inc. to make a series of moving pictures, depicting his form and style in playing golf. The agreement provided that he should receive compensation in the sum of $120,000, with a royalty of 50 per cent of the net receipts from the distribution and sale of the pictures. Of this sum $20,000 was paid to him in advance. After that, on February 24, 1931, before he commenced to make the pictures, appellant entered into a contract to sell his services to his father, Robert P. Jones, for the term of six years at $1,000 per year and transferred his rights under his existing contract with Warner Brothers, Inc., to his father. His father accepted the contract and transferred his rights thereunder to himself as trustee for appellant's three minor children. Three trusts in favor of the children were executed. On March 4, 1931, prior to the making of any pictures, an agreement was made between Warner Brothers, Inc. and appellant's father, by which the original contract was cancelled and another contract was made between Robert P. Jones, the father, as trustee, and Warner Brothers, Inc., for the services of appellant, on terms substantially the same as the original contract. Contemporaneously with this contract appellant executed a collateral agreement with Warner Brothers, Inc., to guarantee he would perform the acts and duties for which his father had contracted. Appellant's services were rendered according to the contract with his father, payment was made to the father as trustee and to the Trust Co. of Georgia, pursuant to a letter of instruction.

Conceding that a taxpayer has the right to decrease the amount of his taxes or to avoid them by legal means, in every instance where that is attempted, a court may look through the transaction and determine whether it is legal or violates the intent of the statute. It would be absurd to say that any reasonable man having a contract from which he was to receive a minimum of $100,000 would in good faith transfer it to another for merely $6,000. Appellant could have set up the trust in favor of his children without the intervention of his father. The conclusion is inescapable that he used his father simply as a conduit in an attempt to reduce or avoid taxes that would be otherwise assessable against compensation derived from his own personal services. The plan adopted was without legal effect and the taxes complained of were properly assessed against appellant under the provisions of Sections 11, 21 and 22(a) of the Revenue Acts of 1928 and 1932, 26 U.S.C.A. §§ 11 note, 21, 22(a), 22 note. We are not aware of any controlling authority exactly in point as applied to the facts in this case but the following decisions state the principle that governs. Gregory v. Helvering, 293 U.S. 465, 55 S.Ct. 266, 79 L.Ed. 596, 97 A.L.R. 1355; Minnesota Tea Co. v.

Helvering, 302 U.S. 609, 58 S.Ct. 393, 82 L.Ed. 474; Esperson v. Commissioner, 5 Cir., 49 F.2d 259; Atkins v. Commissioner, 5 Cir., 76 F.2d 387; Saenger v. Commissioner, 5 Cir., 69 F.2d 631. Many other cases might be cited but it is. unnecessary to do so.

The judgment appealed from is affirmed.