## NELSON et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 4443.

Circuit Court of Appeals, Fourth Circuit.
June 12, 1939.

Robert A. Littleton, of Washington, D. C. (Osman E. Swartz, of Charleston, W. Va., on the brief), for petitioners.

Lee A. Jackson, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., and Sewall Key and Norman D. Keller, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before PARKER and NORTHCOTT, Circuit Judges, and WAY, District Judge.

PER CURIAM.

This is a petition to review a decision of the Board of Tax Appeals sustaining a deficiency assessment of income tax on a joint return filed by husband and wife for the year 1933. Only one question is presented and it is thus succinctly and correctly stated in the brief of petitioner: "Where a husband and wife exercise the privilege of filing a single joint return for a taxable period in which is reported aggregate gross income from the sale of non capital assets, are the losses of the wife to be offset against gains of the husband from such sales for the purpose of determining aggregate gross income from that source?" The Board answered this question in the negative, which is in accord with decisions of the Circuit Court of Appeals of the First and Second Circuits. Pierce v. Commissioner, 2 Cir., 100 F.2d 397; DeMuth v. Commissioner, 2 Cir., 100 F.2d 1012; Sweet v. Commissioner, 1 Cir., 102 F.2d 103. Applications for certiorari have been made to the Supreme Court in the DeMuth and Sweet cases and have been denied. 59 S.Ct. 822, 83 L.Ed. ——; 59 S. Ct. 829, 83 L.Ed. ——. While a majority of this Court are much impressed with the reasoning of Judge Learned Hand in his dissenting opinion in the Pierce case, the legal question involved is a close one and we feel that we should follow the decisions of the First and Second Circuits, particularly in view of the denials of certiorari by the Supreme Court. We are told that no inference should be drawn from the denial of certiorari, but it is hard to imagine that certiorari would have been denied in a case of this character unless the Court was satisfied of the correctness of the decision below, particularly as its correctness had been challenged by a dissenting opinion.

The decision of the Board will accordingly be affirmed on the authority of the cases cited.

Affirmed.