LUELLA HOYT SLAYTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 57267, 57268. Promulgated January 26, 1934.

*Edward Clifford, Esq.*, and *H. H. Shinnick, Esq.*, for the petitioners.

*Prew Savoy, Esq.*, for the respondent.

## OPINION.

STERNHAGEN: Considering, as we have, all the evidence, it is our opinion that despite the appearance of sale, there was lacking the intent of the decedent and his wife to make a sale of these shares. First, we think the evidence, and more particularly the subsequent retransfer by the son, upon the first occasion when ownership became important, to the father solely for the purposes of the father, falls short of establishing a real transfer of ownership by petitioners for any purpose. While a sale for tax purposes is not to be disregarded because of its motive, on the other hand, a mere gesture without the vital intent to change ownership is not to be recognized as a sale merely because superficially it resembles one. Second, we think the evidence indicates a lack of intent to receive the consideration for a sale and hence that any transfer that might have occurred was a nondeductible gift. This we gather from the entire series of events and all the circumstances.

Having been unable from all the evidence to find that a sale occurred, the basis for a deductible loss is lacking, and the respondent's disallowance is sustained.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

———

SMITH, dissenting: The evidence in these proceedings indicates that there was no market in 1928 for the voting trust certificates owned by the petitioners. They were practically worthless. The respondent does not question that the price paid for them by the son, namely, $5 per share, was the fair market price for them. I can not agree that the transaction by which the petitioners sold the certificates to their son was " a mere gesture without the vital intent to change ownership." Out of an abundance of caution the father sold the certificates through brokers rather than sell them directly

to his son. In my opinion the sale was a bona fide sale of the certificates at a fair market price. Cf. *Commissioner* v. *Hale*, 67 Fed. (2d) 561.

Luella Hoyt Slayton testified that she had no knowledge at the time she sold her certificates as $5 per share through the broker that her son was the purchaser. I can not see how it can be validly held that she did not make a valid sale of her certificates from which she sustained a deductible loss. So far as the mother was concerned the gift of a check to her son on or about December 31, 1928, was an entirely separate and unrelated transaction. In any event I think that the ruling that the sale by the mother was not bona fide is unwarranted.

TRAMMELL agrees with this dissent.